UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VISTRA TRUST COMPANY (JERSEY) LIMITED AS TRUSTEE OF THE ALSAM; COLLEEN AND LOGANY SETTLEMENTS; COLLEEN INVESTMENT AG; ALSAM HOLDING AG; PENNY ASSET AG; LOGANY EQUITY AG; VIERWALDSTATTER BETEILIGUNGEN AG; CLARICK AG; COLLEEN INVESTMENT, L.L.C.; LOGANY, L.L.C.; AND WILLIAM TACON, RECEIVER AND MANAGER OF THE ASSETS OF MAYTOWN UNIVERSAL SA AND PLYMPTON UNIVERSAL SA, <div align="right">Plaintiffs,</div> -against- DR. MARCO STOFFEL; ALBE ASSOCIATES LIMITED; BLUECOLT SECURITIES CORPORATION; LAURAMCA HOLDINGS, L.L.C.; AND JOHN DOES 1-10, <div align="right">Defendants.</div> | Index No.: 08 CV 02844 **DECLARATION OF JOHN FELLAS IN SUPPORT OF DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS OR STAY** |

JOHN FELLAS, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.     I am a partner in Hughes Hubbard & Reed LLP, attorneys for defendants Dr. Marco Stoffel ("Dr. Stoffel") and Lauramca Holdings, LLC ("Lauramca") (collectively "Defendants") in this action.  I am a member in good standing of the Bar of the State of New York and this Court.

2.      I submit this Declaration in support of Dr. Marco Stoffel and Lauramca Holdings, L.C.C.s' Supplemental Memorandum of Law in Further Support of Motion to Dismiss, dated March 25, 2008.

3.      Annexed hereto as Exhibit 1 is a true and correct copy of the Donation to Borderline Foundation in Formation, dated December 16, 1998;

4.      Annexed hereto as Exhibit 2 is a true and correct copy of the Escrow Confirmation dated January 15, 1999;

5.      Annexed hereto as Exhibit 3 is a true and correct copy of the Adoption of the Escrow Confirmation dated January 29, 2001;

6.      Annexed hereto as Exhibit 4 is a true and correct copy of the Fiduciary Agreement between Chiltern Trust Company (Jersey) Limited as Trustee of the Alsam Settlement and Dr. Marco Stoffel concerning the Trustee's activity as Member of the Board of Directors of Alsam Holding AG and Penny Asset AG and General Attorney of First Aim Management Ltd., dated January 5, 1999;

7.      Annexed hereto as Exhibit 5 is a true and correct copy of the Fiduciary Agreement between Chiltern Trust Company (Jersey) Limited as Trustee of the Colleen Settlement and Dr. Marco Stoffel concerning the Trustee's activity as Member of the Board of Directors of Colleen Investment AG and General Attorney of Madison Corporation Development Ltd., dated January 5, 1999;

8.      Annexed hereto as Exhibit 6 is a true and correct copy of the the Fiduciary Agreement between Chiltern Trust Company (Jersey) Limited as Trustee of the Logany Settlement and Dr. Marco Stoffel concerning the Trustee's activity as Member of the Board of

2

Directors of Logany Equity AG and General Attorney of Millenium Import/Export, Ltd., dated January 5, 1999.

9.    Annexed hereto as Exhibit 7 is a true and correct copy of the Employment Agreement between Colleen Investment AG and its subsidiaries Colleen Investment L.L.C. and Logany L.L.C. and Dr. Marco Stoffel, dated September 23, 2004;

10.    Annexed hereto as Exhibit 8 is a true and correct copy of the Trust Agreement between Orconsult Limited, Bermuda, as Trustee of the Aquarius Trust and Capricorn Trust, and Dr. Marco Stoffel, concerning the Trustee's activity as Fiduciary Shareholder and Member of the Board of Directors of Alsam Holding AG and its subsidiaries Colleen Investment AG and Penny Asset AG, dated January 20, 2000;

11.    Annexed hereto as Exhibit 9 is a true and correct copy of the Trust Agreement between Orconsult Limited, Bermuda, as Trustee of the Aquarius Trust and Capricorn Trust, and Dr. Marco Stoffel, concerning the Trustee's activity as Fiduciary Shareholder and Member of the Board of Directors of Logany Equity AG and its subsidiaries Clarick AG and Vierwaldstatter Beteiligungen AG, dated January 20, 2000;

12.    Annexed hereto as Exhibit 10 is a true and correct copy of the Management Agreement between Angela Blickle, General Manager and Alsam Holding AG, Owner, dated October 26, 1998, with certified translation;

13.    Annexed hereto as Exhibit 11 is a true and correct copy of the Management Agreement between Cedrick Blickle, Manager and Colleen Investment AG, Proprietor, dated October 26, 1998, with certified translation;

3

14.    Annexed hereto as Exhibit 12 is a true and correct copy of the Management Agreement between Clarissa Blickle, Manager and Logany Equity AG, dated October 26, 1998, with certified translation;

15.    Annexed hereto as Exhibit 13 is a true and correct copy of the Loan Agreement dated January 28, 2003;

16.    Annexed hereto as Exhibit 14 is a true and correct copy of the Loan Agreement dated December 16, 2005;

17.    Annexed hereto as Exhibit 15 is a true and correct copy of the Declaration Regarding Recipients dated January 16, 2003;

18.    Annexed hereto as Exhibit 16 is a true and correct copy of the Declaration Regarding Escrow Agents dated January 16, 2003; and

19.    Annexed hereto as Exhibit 17 is a true and correct copy of the Sharing Agreement for Heirs of Angela Blickle-Lucke, dated December 26, 2002, with certified translation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of March 2008.

_____
John Fellas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

       Plaintiffs,

    -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

       Defendants.

Index No.: 08 CV 02844

# EXHIBIT 1

**TO THE**
**DECLARATION OF JOHN FELLAS IN SUPPORT OF**
**DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'**
**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**

Exhibt C No.3

Blickle GmbH Co.KG      Tel:0761796931          16 Dez 98   8:31 Nr.006 P.01

**Donation to Borderline Foundation in Formation**

Confirmation of donation and joint instructions for respective obligations of Irish companies Millennium, First Aim and Madison: "Medecins avec Frontieres" (Schenkung mit Auflagen)

From the assets presently held through various entities in Swiss bank accounts to be brought into trusts in the total amount of DM 101,6 Mio the Blickle Family donates DM 40 Mio to Madison Corporate Development Limited, Ireland, to put BPD on the map and find a therapy and medication.

The Trustees which will be the legal owners of these entities acknowledge the authority of the Blickle family to control the donations including the representation of the trusts, which have been made under the following conditions (Auflagen):

1)
Research agreements have to have possibility for foundations to participate in royalties should a medication or device come out of it. The foundation will engage itself to obtain money from the brothers of Holger Blickle as compensation (Schmerzensgeld) for all the pain they have caused to him. Should the foundations succeed, it is their windfall and not calculated towards the DM 40 Mio.

2)
Madison is to hold the moneys of the foundation in escrow. Even though the foundation is the legal owner. Of these funds, it allows Madison and the trustees to invest the amounts in their name as a fiduciary agent, but requiring ownership of the investment proceeds for the trusts. This allows to invest in instruments which usually would not be possible for foundations and allows mixing the foundation's money with the trusts' moneys which would usually not be allowed to an escrow agent.

3)
Due to this charitable direction of the trusts, tax advantages are to be negotiated.

The Blickle family has appointed a Protector represented by Dr.Marco Stoffel to supervise the trustees in general and in particular as to the implementation of the donation. Dr.Stoffel is also to serve as director of the foundation to put together a BPD research initiative and to assure the donor that the moneys are well spent. As this will be a full time job Dr.Stoffel is to be renumerated at DM 1,3 Mio as this represents his average income as an attorney.

All relationships of our family, the trusts (including trustees, protectors and beneficiaries) and its various entities with the officers and directors of the entities as well as with the foundation are subject to Swiss law. All successors of these persons and entities are bound by this agreement. Exclusive jurisdiction falls to arbitration in Zurich/Switzerland according to the rules of the Zurich Chamber of Commerce including the mandatory submission to its Mini Trial. The parties expressly waive the right of appeal.

16.12.1998

Donors:                    Irish Companies                BPD Foundation

A. Blickle                 J. Stoffel                    alfred Pletscher

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                                   Plaintiffs,

          -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                                   Defendants.

Index No.: 08 CV 02844

---

# EXHIBIT 2

**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

# Escrow Confirmation

Exhibit C No. 4

from

Madison Corporate Developments Limited, Ireland
(hereinafter "Escrow Agent")

to

Personality Disorder Research Foundations in formation
(hereinafter "Principals")

### 1. Deposit of Escrow

Escrow Agent has received various securities in December 1998 on its account with Darier Hentsch & Cie in the value of Swiss Francs 24,'246'313.00 equaling US Dollars 17,588,912.41 and on its account with UBS AG in the value of German Marks 11'000'000.00 equaling US Dollars 6'541'933.70.

### 2. Escrow Agent's Duties

Escrow Agent is holding the deposit in favor of Personality Disorder Foundation USA and Personality Disorder Foundation Switzerland in formation as the legal owners of these funds due to a donation received on December 18, 1993. Escrow Agent will pay out the amounts to the Principals and/or their grantees as per written instructions of the Treasurer of the two foundations. If there is any dispute as to whom Escrow Agent is to deliver the amount deposited, Escrow Agent shall hold the deposit until the parties rights final determined in an appropriate action of proceeding or until a competent court orders Escrow Agent to deposit the amounts with it. If no instructions or no court order is received, Escrow Agent is under no obligation to bring an action of proceeding to deposit in court, but may continue to hold the deposit.

### 3. Escrow Agent's Liability

Escrow Agent assumes no liability except that of a stakeholder. Escrow Agent's duties are purely administration and are limited to those specifically set out in this agreement. Escrow Agent shall incur no liability to anyone except for willful misconduct or gross negligence as long as Escrow Agent acts in good faith. The Principals and its beneficiaries release Escrow Agent from any act done or omitted in good faith in the performance of Escrow Agent's duties.

### 4. Escrow Agent's Rights

Escrow Agent need not to defend any action or proceeding brought against Escrow Agent with respect to the subject matter or terms of this agreement unless Escrow Agent receives a written request to do so and is indemnified to Escrow Agent's satisfaction against a constant expense, including legal fees of the defense. Escrow Agent is entitled to charge reasonable hourly fees for the services of carrying out its duties.

EB
CdB

Any successors to the Principals and/or the Escrow Agent are bound by the rights and duties stipulated in this agreement. In case of disputes an arbitration tribunal is to be set up according to the rules of the Zurich Chamber of Commerce and the seat of the arbitration tribunal shall be Zurich/Switzerland. The parties expressly waive their right to appeal the arbitration award.

Zurich, January 15, 1999

_____
Madison Corporate Developments Limited

C.B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                           Plaintiffs,

             -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                         Defendants.

---

Index No.: 08 CV 02844

# EXHIBIT 3

**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

## Adoptation of Escrow Confirmation of January 15, 1999

Whereas due to the changes in the Irish law Madison Corporate Development Limited is to be dissolved and its accounts to be liquidated;

Whereas two new BVI companies have been established, namely Maytown Universal SA and Plympton Universal SA, to succeed Madison;

Whereas some of the moneys of the Madison accounts have been transferred to the accounts two new BVI companies at Bankers Trust New York (Maytown) and Darier Hentsch Zurich (Plympton);

Whereas transfers were made from these two accounts of Maytown and Plympton to the account of Colleen Investment LLC with Bankers Trust;

Now Therefore the undersigned parties adopt the Escrow Confirmation dated 1/15/1999 as follows:

1. Maytown succeeds Madison as Escrow Agent under the escrow agreement.

2. The Swiss foundation Stiftung Persoenlichkeitsstoerungen and the US foundation Third Millennium Foundation are added as Principals to the escrow agreement in addition to Personality Disorder Research Foundation.

3. Whatever moneys were already or will be transferred from the accounts that Madison held with Darier Hentsch and UBS are to be held in favor of the three Principals under the escrow agreement and thus the accounts of Maytown with Bankers Trust and of Plympton with Darier Hentsch are subject to the claim of the three Principals.

4. Whatever moneys were already or will be transferred on from these Maytown and Plympton accounts to the accounts of Colleen Investment LLC with Bankers Trust or with certain real estate funds like Blackstone and Apollo or with Logany LLC remain under the escrow obligations and rights.

The Escrow Confirmation of 1/15/99 forms an integral part of this Agreement. Any successors to the Principals and/or Escrow Agent are bound by the rights and duties stipulated herein. Disputes under this Agreement are subject to arbitration according to the rules of the Zurich Chamber of Commerce, the seat of the arbitration tribunal being Zurich/Switzerland. The parties expressly waive their right to appeal the arbitration award.

Zurich, January 29, 2001

Maytown Universal SA & Plympton Universal SA, Colleen Investment AG & Colleen Investment LLC:

_____

Hans Ottiger
Director of Alsam Holding AG

Personality Disorder Research Foundation, Third Millennium Foundation:

_____

Marco Stoffel, Director of
Personality Disorder Research Foundation
And Third Millennium Foundation

*Exhibit C No. 6*

**Consent of Treasurer**
**Under the Escrow Confirmation of 1/15/99 and 3/14/02**

I, as the undersigned Treasurer of the joint venture between Stiftung Persoenlichkeitsstoerungen, Basel/Switzerland (hereinafter StPSt), and Borderline Personality Disorder Research Foundation, Delaware/USA (hereinafter BPDRF), do hereby consent to the adoption of the following resolution based on the authority given to me under the Agreement of 1/15/99 as adopted on 1/29/01:

Whereas the primary grantees are research centers which received funding as per the joint venture confirmation of Jul6, 2000, in particular through the two research foundations as follows:

StPSt for University of Basel, of Oslo and of Freiburg;
and
BPDRF for University of Cornell, of Rockefeller and of Yale;

Whereas for administrative convenience the secondary grantees received funding through Third Millennium Foundation, Delaware/USA (TMF);

Thus resolved, that The escrow amount of USD 24'130'846.11 is to be paid out as follows in agreed upon installments:

1. USD 10'000'000      to BPDRF
2. USD 3'000'000      to StPSt
3. USD 11'130'846.11   to TMF

with the consent to use the respective amount for their present grantees and any further grantees they may select.

Dated: March 15, 2002

_____

Marco Stoffel

Referring to the enclosed Escrow Confirmation of January 15, 1999 the successors hereby confirm that they have taken over the rights and duties as follows:

1. For the Principals:

*Exhibit C No. 7*

Stiftung Persoenlichkeitsstoerungen, Basel/Switzerland:

RA Martin Hug, Secretary

Borderline Personality Disorder Research Foundation, Delaware/USA
Third Millennium Foundation, Delaware /USA

Ray Merritt, Secretary

2. For the Escrow Agent

Maytown Universal SA, Tortola/BVI

Guido Banholzer, Director

Annexed hereto and made a part hereof:
Consent of Joint Venture Treasurer

Dated: March 18, 2002

CB

CAB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF                          Index No.: 08 CV 02844
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                                    Plaintiffs,

                    -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                                    Defendants.

# EXHIBIT 4

**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

# FIDUCIARY AGREEMENT

between

Chiltern Trust Company (Jersey) Limited as Trustees of the Alsam Settlement

(hereinafter called the Principal)

and

Dr. Marco Stoffel (Zurich)

(hereinafter called the Trustee)

concerning

the Trustee's activity as

Member of the Board of Directors of Alsam Holding AG and Penny Asset AG
and General Attorney of First Aim Management Ltd.

(hereinafter referred to as the Activity
resp.as the Company)

---

**Commencement of the Agreement**

This Agreement shall become effective, if need be retroactively, upon receipt by the Trustee of the Principal's instructions with respect to the Trustee's Activity.

**Duties and Obligations of the Trustee**

The Trustee undertakes to act according to the instructions from the Principal. He may also act on instructions received from third parties provided the Principal has informed the Trustee that such third parties are entitled to give instructions on his behalf.

The Trustee shall be entitled to act at his own discretion a) in the case of contradictory instructions, b) if it is not possible to ask for instructions or if the instructions are not received in due course, and c) whenever special instructions are not required.

In all cases the applicable legislation, the Trustee's moral standards and the rules of his professional and social standing shall prevail.

**Duties and Obligations of the Principal**

The Principal undertakes to meet without reservation and in their entirety all liabilities, costs and other financial duties and obligations the Trustee might incur because of the Activity.

Neither the Principal nor third parties on whom the Principal can have an influence, shall hold the Trustee liable for any damages whatsoever resulting from the Activity.

The Principal shall assume and pay at first request the Trustee's expenses from any legal proceedings with regard to his Activity, and such obligation shall not be affected by any termination of the Agreement.

349

2

The Trustee is liable for unlawful behaviour or in gross negligence (article 100, para. 1 of the Swiss Code of Obligations).

The principal shall inform the Trustee at least twice a year of the status and the development of the Company should the Trustee not receive or be in possession of such information anyway.

In the event of the Company's insolvency the Principal will subordinate his present and future claims against the Company in favour of all other persons and entities, including the Trustee. The Principal undertakes to make sure that the Company always has sufficient means to promptly meet its commitments, in particular the claims of the Company's creditors, the tax authorities and the Trustee, etc.

**Payment to the Trustee**

The Trustee shall receive a sum of Fr. 30'000.- as compensation for his assuming the function or functions defined as Activity. Further, he shall be entitled to a regular adjustment for inflation. Additional services and expenses shall be reimbursed separately.

**Termination of the Trust Agreement**

This Agreement can be terminated at any time with immediate effect by either party; for termination by the Principal the consent of the Protector New Eagle Corporation Limited is needed to be effective. The Principal's obligations remain in force for as long as the Trustee, as result of the Activity, has a responsibility towards the Company or third parties, or for as long as any claims from his Activity can be made against him.

The Principal undertakes to bind over to any successor all of his obligations resulting from this Agreement. He shall be liable for the Trustee's claims until the latter expressly releases him from his obligation.

**Final Provisions**

The Trustee may, if legally obliged, submit this Agreement to the Swiss authorities.

This Agreement is exclusively subject to SWISS LAW. In the event of a dispute between the parties in connection with this Agreement the parties will submit to the arbitration proceeding according to the rules of the Swiss Code on International Private Law, the place of arbitration being ZURICH.

Place/Date

The Principal                                                    The Trustee

350

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                                    Plaintiffs,


              -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                                    Defendants.

---

Index No.: 08 CV 02844

# EXHIBIT 5

**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

# FIDUCIARY AGREEMENT

between

Chiltern Trust Company (Jersey) Limited as Trustees of the Colleen Settlement

(hereinafter called the Principal)

and

Dr. Marco Stoffel (Zurich)

(hereinafter called the Trustee)

concerning

the Trustee's activity as

Member of the Board of Directors of Colleen Investment AG
and General Attorney of Madison Corporation Development Ltd.

(hereinafter referred to as the Activity
resp. as the Company)

---

**Commencement of the Agreement**

This Agreement shall become effective, if need be retroactively, upon receipt by the Trustee of the Principal's instructions with respect to the Trustee's Activity.

**Duties and Obligations of the Trustee**

The Trustee undertakes to act according to the instructions from the Principal. He may also act on instructions received from third parties provided the Principal has informed the Trustee that such third parties are entitled to give instructions on his behalf.

The Trustee shall be entitled to act at his own discretion a) in the case of contradictory instructions, b) if it is not possible to ask for instructions or if the instructions are not received in due course, and c) whenever special instructions are not required.

In all cases the applicable legislation, the Trustee's moral standards and the rules of his professional and social standing shall prevail.

**Duties and Obligations of the Principal**

The Principal undertakes to meet without reservation and in their entirety all liabilities, costs and other financial duties and obligations the Trustee might incur because of the Activity.

Neither the Principal nor third parties on whom the Principal can have an influence, shall hold the Trustee liable for any damages whatsoever resulting from the Activity.

The Principal shall assume and pay at first request the Trustee's expenses from any legal proceedings with regard to his Activity, and such obligation shall not be affected by any termination of the Agreement.

351



2

the Trustee is liable for unlawful behaviour or in gross negligence (article 100, para. 1 of the Swiss Code of Obligations).

The principal shall inform the Trustee at least twice a year of the status and the development of the Company should the Trustee not receive or be in possession of such information anyway.

In the event of the Company's insolvency the Principal will subordinate his present and future claims against the Company in favour of all other persons and entities, including the Trustee. The Principal undertakes to make sure that the Company always has sufficient means to promptly meet its commitments, in particular the claims of the Company's creditors, the tax authorities and the Trustee, etc.

**Payment to the Trustee**

The Trustee shall receive a sum of Fr. 20'000.- as compensation for his assuming the function or functions defined as Activity. Further, he shall be entitled to a regular adjustment for inflation. Additional services and expenses shall be reimbursed separately.

**Termination of the Trust Agreement**

This Agreement can be terminated at any time with immediate effect by either party; for termination by the Principal the consent of the Protector New Eagle Corporation Limited is needed to be effective. The Principal's obligations remain in force for as long as the Trustee, as result of the Activity, has a responsibility towards the Company or third parties, or for as long as any claims from his Activity can be made against him.

The Principal undertakes to bind over to any successor all of his obligations resulting from this Agreement. He shall be liable for the Trustee's claims until the latter expressly releases him from his obligation.

**Final Provisions**

The Trustee may, if legally obliged, submit this Agreement to the Swiss authorities.

This Agreement is exclusively subject to SWISS LAW. In the event of a dispute between the parties in connection with this Agreement the parties will submit to the arbitration proceeding according to the rules of the Swiss Code on International Private Law. the place of arbitration being ZURICH.

Place/Date   _July, Jan. T, 99_

The Principal                                    The Trustee

_Arnold Newbury_
_Juliet N. Stevens_

352

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

         Plaintiffs,

    -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

         Defendants.

Index No.: 08 CV 02844

---

# EXHIBIT 6

**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

# FIDUCIARY AGREEMENT

between

Chiltern Trust Company (Jersey) Limited as Trustees of the Logany Settlement

(hereinafter called the Principal)

and

Dr. Marco Stoffel (Zurich)

(hereinafter called the Trustee)

concerning

the Trustee's activity as

Member of the Board of Directors of Logany Equity AG
and General Attorney of Millenium Import/Export Ltd.

(hereinafter referred to as the Activity
resp. as the Company)

---

### Commencement of the Agreement

This Agreement shall become effective, if need be retroactively, upon receipt by the Trustee of the Principal's instructions with respect to the Trustee's Activity.

### Duties and Obligations of the Trustee

The Trustee undertakes to act according to the instructions from the Principal. He may also act on instructions received from third parties provided the Principal has informed the Trustee that such third parties are entitled to give instructions on his behalf.

The Trustee shall be entitled to act at his own discretion a) in the case of contradictory instructions, b) if it is not possible to ask for instructions or if the instructions are not received in due course, and c) whenever special instructions are not required.

In all cases the applicable legislation, the Trustee's moral standards and the rules of his professional and social standing shall prevail.

### Duties and Obligations of the Principal

The Principal undertakes to meet without reservation and in their entirety all liabilities, costs and other financial duties and obligations the Trustee might incur because of the Activity.

Neither the Principal nor third parties on whom the Principal can have an influence, shall hold the Trustee liable for any damages whatsoever resulting from the Activity.

The Principal shall assume and pay at first request the Trustee's expenses from any legal proceedings with regard to his Activity, and such obligation shall not be affected by any termination of the Agreement.

353

2

The Trustee is liable for unlawful behaviour or in gross negligence (article 100, para. 1 of the Swiss Code of Obligations).

The principal shall inform the Trustee at least twice a year of the status and the development of the Company should the Trustee not receive or be in possession of such information anyway.

In the event of the Company's insolvency the Principal will subordinate his present and future claims against the Company in favour of all other persons and entities, including the Trustee. The Principal undertakes to make sure that the Company always has sufficient means to promptly meet its commitments, in particular the claims of the Company's creditors, the tax authorities and the Trustee, etc.

**Payment to the Trustee**

The Trustee shall receive a sum of Fr. 20'000.- as compensation for his assuming the function or functions defined as Activity. Further, he shall be entitled to a regular adjustment for inflation. Additional services and expenses shall be reimbursed separately.

**Termination of the Trust Agreement**

This Agreement can be terminated at any time with immediate effect by either party; for termination by the Principal the consent of the Protector New Eagle Corporation Limited is needed to be effective. The Principal's obligations remain in force for as long as the Trustee, as result of the Activity, has a responsibility towards the Company or third parties, or for as long as any claims from his Activity can be made against him.

The Principal undertakes to bind over to any successor all of his obligations resulting from this Agreement. He shall be liable for the Trustee's claims until the latter expressly releases him from his obligation.

**Final Provisions**

The Trustee may, if legally obliged, submit this Agreement to the Swiss authorities.

This Agreement is exclusively subject to SWISS LAW. In the event of a dispute between the parties in connection with this Agreement the parties will submit to the arbitration proceeding according to the rules of the Swiss Code on International Private Law, the place of arbitration being ZURICH.

Place/Date _Zurich, Jan 5, 99_

The Principal                                    The Trustee

354

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

Index No.: 08 CV 02844

Plaintiffs,

-against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

Defendants.

---

# EXHIBIT 7

## TO THE
## DECLARATION OF JOHN FELLAS IN SUPPORT OF
## DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
## SUPPLEMENTAL MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS

17/06 '07 SO  10:39 FAX 41 1 253 63 74    STOFFEL & PARTNER    ☑010

*Uns Employment Agreement*

02/27/2007 13:17  2129371956    STOFFEL    PAGE 05/08

Employment Agreement

between

Colleen Investment AG, Achereggstrasse 10, 6362 Stansstad, Switzerland

and its subsidiaries Colleen Investment LLC and Logany LLC

both at 660 Madison Avenue, New York, NY 10022, USA

(hereinafter the "Companies")

and

Dr. Marco Stoffel, 50 Birchall Drive, Scarsdale, NY 10583

(hereinafter the "Employee").

1. For good consideration, the Companies confirm the ongoing employment with the following terms and conditions.

2. Term of Employment. Employee has received salaries in the past from Colleen Investment LLC and Logany LLC and for the time being shall receive his salary from Colleen Investment LLC only. In addition Employee receives a director fee from Colleen Investment AG. The parties might switch again and have the salary paid from the latter, especially in case the Employee moves back to Switzerland.

3. Salary. The Companies shall pay Employee a salary of $ 350,000 per year, for the services of the Employee, payable at regular payroll periods. In addition there is a Retirement Fund set up for the Employee, which can be terminated at any time upon his wish under the entitlement to increase his salary accordingly.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

**STOFFEL 014619**

☑011

STOFFEL & PARTNER

17/06 '07 SO  10:39 FAX 41 1 253 63 74

03/27/2007  17:17   2129371956          STOFFEL          PAGE  06/08

4. Duties and Position. the Companies hires the Employee in the capacity of President. He receives his instructions from Orconsult Limited, who is the shareholder of the parent company Niaam Holding AG. Together with the Secretary and Treasurer he mainly oversees the property manager for Legacy LLC (One Broadway), as well as the real estate fund managers and portfolio managers of Colleen Investment LLC. The Employee's duties may be reasonably modified at the Companies's discretion from time to time. As some of the funding for the activities of the two US entities come from the two BVI companies Maytown Universal SA and Plympton Universal SA the Companies confirm, that this is not part of your duties. The same goes for possible financing from or to the five other Swiss companies that Colleen Investment AG is related to.

5. Employee to Devote Full Time to Companies. the Employee will devote full time, attention, and energies to the business of the Companies, and, during this employment, will not engage in any other business activity, regardless of whether such activity is pursued for profit, gain, or other pecuniary advantage. The companies are aware that the Employee also provides consulting services as a subcontractor to Orconsult SA and its companies in connection with the trustee position of Orconsult Limited. These services are to be billed separately just like services provided to the trust beneficiaries and the Protector of the underlying Trusts. Employee is not prohibited from making personal investments in any other businesses provided those investments do not require active involvement in the operation of said companies.

6. Confidentiality of Proprietary Information. Employee agrees, during or after the terms of this employment, not to reveal confidential information, or trade secrets to any person, firm, corporation, or entity. Should Employee reveal or threaten to reveal this information, the Companies shall be entitled to an injunction restraining the Employee from disclosing same, or from rendering any services to any entity to whom said information has been or is threatened to be disclosed, the right to secure an injunction is not exclusive, and the Companies may pursue any other remedies it has against the Employee for a breach or threatened breach of this condition, including the recovery of damages from the Employee.

7. Reimbursement of Expenses. The Employee may incur reasonable expenses for furthering the Companies's business, including expenses for entertainment, travel, and similar items. The Companies shall reimburse Employee for all business expenses after the Employee presents an itemized account of expenditures, pursuant to Companies policy.

8. Vacation. The Employee shall be entitled to a yearly vacation of five weeks at full pay.

9. Disability. In the event that the Employee cannot perform the duties because of illness or incapacity for a period of more than 4 months, the compensation otherwise due during said illness or incapacity will be reduced by 50% . The Employee's full compensation will be reinstated upon return to work. However, if the Employee is absent from work for any reason for a continuous period of over 8 months, the Companies may terminate the Employee's employment, and the Companies's obligations under this agreement will cease on that date.

10. Termination of Agreement. Without cause, the Companies may terminate this agreement at any time upon 3 months' written notice to the Employee. If the Companies requests, the Employee will continue to perform his/her duties and may be paid his/her regular salary up to the date of termination. In addition, the Companies will pay the Employee on the date of the termination a severance allowance of one full annual salary at the last level less taxes and Social Security required to be withheld, without cause, the Employee may terminate employment upon 3 months' written notice to the Companies. Employee may be required to perform his or her duties and will be paid the regular salary in date of termination but shall not receive severance

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

STOFFEL 014620

☑012

17/06 '07 SO  10:39 FAX 41 1 253 63 74          STOFFEL & PARTNER

03/27/2007  13:17   2129371956              STOFFEL              ·            PAGE  07/08

allowance. Notwithstanding anything to the contrary contained in this agreement, the Companies may terminate the Employee's employment upon six weeks' notice to the Employee should any of the following events occur:

(a) The sale of substantially all of the Companies's assets to a single purchaser or group of associated purchasers; or

(b) The sale, exchange, or other disposition, in one transaction of the majority of the Companies's outstanding corporate shares; or

(c) The Companies's decision to terminate its business and liquidate its assets;

(d) The merger or consolidation of the Companies with another Companies.

(e) Bankruptcy or chapter 11 reorganization.

11. Death Benefit. Should Employee die during the term of employment, the Companies shall pay to Employee's estate any compensation due through the end of the month in which death occurred.

12. Assistance in Litigation. Employee shall upon reasonable notice, furnish such information and proper assistance to the Companies as it may reasonably require in connection with any litigation in which it is, or may become, a party either during or after employment. Such assistance is due only at the seat of Colleen Investment AG and Alcare Holding AG.

13. Indemnification. The Companies undertake to meet without reservation and their entirety all liabilities, costs and other financial duties and obligations the Employee might incur because of his employment. Neither the Companies nor third parties shall hold the Employee liable for damages whatsoever resulting from his employment activity. The Employee has a right of retention and can set off his claims with funds of the Companies. The Companies shall pay at first request the Employee's expenses from any legal proceedings with regard to his employment, and such obligation shall have no change should the employment have been already terminated.

14. Effect of Prior Agreements. This Agreement supersedes any prior agreement between the Companies or any predecessor of the Companies and the Employee, except that this agreement shall not affect or operate to reduce any benefit or compensation inuring to the Employee of a kind elsewhere provided and not expressly provided in this agreement.

15. Applicable Law and Settlement by Arbitration. This Agreement is exclusively subject to Swiss Law, the place of arbitration being Zurich. Any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled exclusively by arbitration in accordance with the rules of the Zurich Chamber of Commerce. The parties submit to the Mini Trial mediation process as provided by the Chamber appointing the President of the Chamber or a person designated by him as the Mediator. Should the mediation fail, each side appoints one arbitrator and the two arbitrators appoint the Chairman. The parties expressly waive their right to appeal and thus the award is final.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

STOFFEL 014621

☑013

17/06 '07 SO 10:40 FAX 41 1 253 63 74        STOFFEL & PARTNER

03/27/2007 13:17  2129371955        STOFFEL        PAGE 09/09

16. Scope and Waiver. Should Companies waive breach of any provision of this agreement by the Employee, that waiver will not operate or be construed as a waiver of further breach by the Employee. The entire Agreement is also applicable to disputes with Maytown Universal SA and Plympton Universal SA (parent company Clarion AG) and the five related Swiss companies of Colleen Investment AG. Thus the undersigned controls three five Swiss companies and the two BVI companies as director of two holding companies Logany Equity AG and Alsam Holding AG.

17. Severability. If, for any reason, any provision of this agreement is held invalid, all other provisions of this agreement shall remain in effect. If this agreement is held invalid or cannot be enforced, then to the full extent permitted by law any prior agreement between the Companies (or any predecessor thereof) and the Employee shall be deemed reinstated as if this agreement had not been executed.

18. Assumption of Agreement by Companies's Successors and Assignees. The Companies's rights and obligations under this agreement will inure to the benefit and be binding upon the Companies's predeceeding owners, its successors and assignees.

-September 23, 2004

For the Companies and their related entities:

*(signature)*

Hans Ottiger

Director Alsam Holding AG and Logany Equity AG

For the Employee:

*(signature)*

Dr. Marco Stoffel

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

STOFFEL 014622

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

Index No.: 08 CV 02844

Plaintiffs,

-against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

Defendants.

---

# EXHIBIT 8

**TO THE**
**DECLARATION OF JOHN FELLAS IN SUPPORT OF**
**DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'**
**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**

Doc. 1

# TRUST AGREEMENT

between

Orconsult Limited, Bermuda, as Trustee of Aquarius Trust and Capricorn Trust

(hereinafter called the Principal)

and

Dr. Marco Stoffel, Zurich

(hereinafter called the Trustee)

concerning

the Trustee's activity as

Fiduciary Shareholder and Member of the Board of Directors

(hereinafter referred to as the Activity)

of

Aksar Holding AG and its subsidiaries Colleen Investment AG and Penny Asset AG, all with seat in Hergiswil/NW

(hereinafter referred to as the Companies)

---

**Commencement of the Agreement**

This Agreement shall become effective, if need be retroactively, upon receipt by the Trustee of the Principal's instructions with respect to the Trustee's Activity.

**Duties and Obligations of the Trustee**

The Trustee undertakes to act according to the instructions from the Principal. He may also act on instructions received from third parties provided the Principal has informed the Trustee that such third parties are entitled to give instructions on his behalf.

The Trustee shall be entitled to act at his own discretion a) in the case of contradictory instructions, b) if it is not possible to ask for instructions or if the instructions are not received in due course, and c) whenever special instructions are not required.

In all cases the applicable legislation, the Trustee's moral standards and the rules of his professional and social standing shall prevail.

STOFFEL 06905

**Duties and Obligations of the Principal**

The Principal undertakes to meet without reservation and in their entirety all liabilities, costs and other financial duties and obligations the Trustee might incur because of the Activity.

Neither the Principal nor third parties on whom the Principal can have an influence, shall hold the Trustee liable for any damages whatsoever resulting from the Activity.

The Principal shall assume and pay at first request the Trustee's expenses from any legal proceedings with regard to his Activity, and such obligation shall not be affected by any termination of the Agreement.

The Trustee is liable for unlawful behaviour or in gross negligence (article 100, para. I of the Swiss Code of Obligations).

The principal shall inform the Trustee at least twice a year of the status and the development of the Companies should the Trustee not receive or be in possession of such information anyway.

In the event of the Companies' insolvency the Principal will subordinate his present and future claims against the Companies in favour of all other persons and entities, including the Trustee. The Principal undertakes to make sure that the Companies always has sufficient means to promptly meet its commitments, in particular the claims of the Companies' creditors, the tax authorities and the Trustee, etc.

**Payment to the Trustee**

The Trustee shall receive a sum of Fr. 30'000 from Aixam Holding AG and Fr.20'000 each from Collectn Investment AG and Penny Asset AG as compensation for his assuming the function or functions defined as Activity. Further, he shall be entitled to a regular adjustment for inflation. Additional services and expenses shall be reimbursed separately.

**Termination of the Trust Agreement**

This Agreement can be terminated at any time with immediate effect by either party. The Principal's obligations remain in force for as long as the Trustee, as result of the Activity, has a responsibility towards the Companies or third parties, or for as long as any claims from his Activity can be made against him.

The Principal undertakes to bind over to any successor all of his obligations resulting from this Agreement. He shall be liable for the Trustee's claims until the latter expressly releases him from his obligation.

STOFFEL 06906

**Final Provisions**

The Trustee may, if legally obliged, submit this Agreement to the Swiss authorities.

This Agreement is exclusively subject to SWISS LAW, the place of arbitration being ZURICH. In the event of a dispute between the parties in connection with this Agreement the parties will submit to the arbitration proceeding according to the rules of the Zurich Chamber of Commerce, each party appointing one arbitrator and the two arbitrators appointing the Chairman. The parties expressly waive their right to appeal and thus the award is final.

Zurich, January 20, 2000

The Principal                                    The Trustee

Orconsult Limited                               Dr. Marco Stoffel

STOFFEL 06907

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VISTRA TRUST COMPANY (JERSEY) LIMITED AS TRUSTEE OF THE ALSAM; COLLEEN AND LOGANY SETTLEMENTS; COLLEEN INVESTMENT AG; ALSAM HOLDING AG; PENNY ASSET AG; LOGANY EQUITY AG; VIERWALDSTATTER BETEILIGUNGEN AG; CLARICK AG; COLLEEN INVESTMENT, L.L.C.; LOGANY, L.L.C.; AND WILLIAM TACON, RECEIVER AND MANAGER OF THE ASSETS OF MAYTOWN UNIVERSAL SA AND PLYMPTON UNIVERSAL SA, | Index No.: 08 CV 02844 |

                                        Plaintiffs,

                    -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                                        Defendants.

# EXHIBIT 9

**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

# TRUST AGREEMENT

between

Orconsult Limited, Bermuda, as Trustee of Aquarius Trust and Capricorn Trust

(hereinafter called the Principal)

and

Dr. Marco Stoffel, Zurich          (hereinafter called the Trustee)

concerning

the Trustee's activity as

Fiduciary Shareholder and Member of the Board of Directors

(hereinafter referred to as the Activity)

of

Logany Equity AG and its subsidiaries Clarick AG and Vierwaldstätter Beteiligungen AG, all with seat in Hergiswil/NW

(hereinafter referred to as the Companies)

---

**Commencement of the Agreement**

This Agreement shall become effective, if need be retroactively, upon receipt by the Trustee of the Principal's instructions with respect to the Trustee's Activity.

**Duties and Obligations of the Trustee**

The Trustee undertakes to act according to the instructions from the Principal. He may also act on instructions received from third parties provided the Principal has informed the Trustee that such third parties are entitled to give instructions on his behalf.

The Trustee shall be entitled to act at his own discretion a) in the case of contradictory instructions, b) if it is not possible to ask for instructions or if the instructions are not received in due course, and c) whenever special instructions are not required.

In all cases the applicable legislation, the Trustee's moral standards and the rules of his professional and social standing shall prevail.

STOFFEL 06902

## Duties and Obligations of the Principal

The Principal undertakes to meet without reservation and in their entirety all liabilities, costs and other financial duties and obligations the Trustee might incur because of the Activity.

Neither the Principal nor third parties on whom the Principal can have an influence, shall hold the Trustee liable for any damages whatsoever resulting from the Activity.

The Principal shall assume and pay at first request the Trustee's expenses from any legal proceedings with regard to his Activity, and such obligation shall not be affected by any termination of the Agreement.

The Trustee is liable for unlawful behaviour or in gross negligence (article 100, para. 1 of the Swiss Code of Obligations).

The principal shall inform the Trustee at least twice a year of the status and the development of the Companies should the Trustee not receive or be in possession of such information anyway.

In the event of the Companies' insolvency the Principal will subordinate his present and future claims against the Companies in favour of all other persons and entities, including the Trustee. The Principal undertakes to make sure that the Companies always has sufficient means to promptly meet its commitments, in particular the claims of the Companies' creditors, the tax authorities and the Trustee, etc.

## Payment to the Trustee

The Trustee shall receive a sum of Fr. 30'000 from Voerwaldstätter Beteiligungen AG and Fr.20'000 each from Clarick AG and Logany Equity AG as compensation for his assuming the function or functions defined as Activity. Further, he shall be entitled to a regular adjustment for inflation. Additional services and expenses shall be reimbursed separately.

## Termination of the Trust Agreement

This Agreement can be terminated at any time with immediate effect by either party. The Principal's obligations remain in force for as long as the Trustee, as result of the Activity, has a responsibility towards the Companies or third parties, or for as long as any claims from his Activity can be made against him.

The Principal undertakes to bind over to any successor all of his obligations resulting from this Agreement. He shall be liable for the Trustee's claims until the latter expressely releases him from his obligation.

STOFFEL 06903

01/08   08 MI  15:56 FAX                                                                       ☑007

**Final Provisions**

The Trustee may, if legally obliged, submit this Agreement to the Swiss authorities.

This Agreement is exclusively subject to SWISS LAW, the place of arbitration being ZURICH. In the event of a dispute between the parties in connection with this Agreement the parties will submit to the arbitration proceeding according to the rules of the Zurich Chamber of Commerce, each party appointing one arbitrator and the two arbitrators appointing the Chairman. The parties expressly waive their right to appeal and thus the award is final.

Zurich, January 20, 2000

The Principal

Orconsult Limited

The Trustee

Dr. Marco Stoffel

STOFFEL 06904

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                                  Plaintiffs,


               -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                                  Defendants.

---

Index No.: 08 CV 02844

# EXHIBIT 10

**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

MANAGEMENT AGREEMENT

BETWEEN

**ANGELA BLICKLE**                                    **GENERAL MANAGER**
Landweg 3, 6052 Hergiswil

AND

**ALSAM HOLDING AG**                              **OWNER**
Obermattweg 12, 6052 Hergiswil

1. Position of the general manager

The general manager assumes the complete operative responsibility for the owner. In particular is she responsible for the organization, planning, administration, finances and human resources. She also fully represents the owner to the public.

2. Duties of the general manager

The general manager is subject to the directive authority of the owner. She makes an annual budget.

During her management mandate the general manager must keep any facts that become known to her including but not limited to company, trade and business secrets etc. completely confidential and may not use these facts in any way.

STOFFEL 021088

2

The general manager may not accept any further employment during the duration of the agreement and is subject to a non-competition clause in Switzerland after termination of the agreement.

3. Compensation

The general manager will not receive any compensation, since it is a family-owned business.

4. Place of jurisdiction and applicable law

This agreement is subject to Swiss law. In the event of any disputes arbitration proceedings must be held according to the rules of the Zurich Chamber of Commerce. The place of the arbitration court is Zurich. A sole arbitrator will be appointed; in the event that the parties cannot agree on the sole arbitrator the president of the Zurich Chamber of Commerce will appoint such a sole arbitrator. The parties expressly waive their right to appeal the decision of the arbitration court.

Hergiswil, October 26, 1998

Owner:                                            General manager:

[signature]                                       [signature]
Alsam Holding AG                                  Angela Blickle

STOFFEL 021089



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Rika Honda, hereby certify that the following is, to the best of my

knowledge, ability and belief, a true and accurate translation of the

document 'Exhibit 51' from German into English.

I am an employee of Transperfect Inc., an ISO 9001:2000 certified

provider of language services with experience at all 200 of the AmLaw

Top 200 firms.

Rika Honda

Sworn to before me this
8th day of January, 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 20 11

Stamp, Notary Public

# MANDATSVERTRAG
## betreffend Penney Asset AG, Hergiswil/NW

zwischen

Angela Blickle

**(nachfolgend die Auftraggeberin)**

und

Dr. Marco Stoffel

**(nachfolgend der Auftragnehmer)**

1. Der Auftragnehmer hat den Auftrag, treuhänderisch für einen noch zu errichtenden Trust der Auftraggeberin die Penney Asset AG zu gründen. Zweck dieser Gesellschaft ist es, als Tochtergesellschaft dieses Trusts alle Immobilienbeteiligungen der Auftraggeberin auf sich oder eine von ihr beherrschte Drittgesellschaft übertragen zu bekommen resp. zu halten. Dazu gehören insbesondere die Beteiligung der Auftraggeberin an der Blickle GmbH & Co. KG (Freiburger Immobilien), der direkte und der indirekte (über Fimco Sarl) Eigentumsanteil an der Liegenschaft Port-Grimaud sowie der Gesamthandanteil an der Ferienwohnung Gstaad.

   Die Auftraggeberin verfügt zudem über eine Vollmacht ihres Ehemannes. Gestützt darauf ist der Auftragnehmer auch bevollmächtigt, dessen Anteile an den genannten Immobilien auf die Penney Asset AG oder eine von ihr beherrschte Drittgesellschaft (zB. Blickle GmbH & Co.KG) zu übertragen.

   Der Auftragnehmer persönlich und die Penney Asset AG sind je einzeln ermächtigt, in Vertretung der Auftraggeberin und gestützt auf die Vollmacht auch für meinen Mann die nötigen Verträge und Urkunden zum Abschluss zu bringen und alle im Zusammenhang mit deren Vollzug nötigen Erklärungen abzugeben, damit alle Immobilienbeteiligungen der Auftraggeberin auf die Penney Asset AG oder eine von dieser beherrschte Drittgesellschaft übertragen werden können.

2. Der Auftragnehmer ist als treuhänderischer Aktionär und Verwaltungsrat für die den noch zu errichtenden Trust der Auftraggeberin bei der Penney Asset AG.

Hergiswil/NW tätig. Ueberdies wird der Auftragnehmer Generalbevollmächtigter des Trusts der Auftraggeberin. Er übt diese Mandate im Rahmen der Rechtsordnung und der guten Sitten aus.

Der Trust der Auftraggeberin wird verpflichtet sein, den Auftragnehmer für jeden Schaden, der diesem aus den Ausführungen des vorliegenden Auftrags entsteht, schadlos zu halten, es sei denn, dem Auftragnehmer sei pflichtwidrig grobes Verschulden oder gar Absicht anzulasten.

Der Trust der Auftraggeberin wird verpflichtet sein, den Auftragnehmer für den gesamten Aufwand sowie sämtliche Kosten und Auslagen, welche ihm im Zusammenhang mit der Gesellschaft resp. dieser Vereinbarung resp. aus der Mandatsführung entstehen, vollumfänglich zu entschädigen und dem Auftragnehmer auf erstes Verlangen genügend Mittel zur Deckung der jährlichen Unterhaltskosten der Gesellschaft etc. zur Verfügung zu stellen. Der Auftragnehmer ist jederzeit dazu ermächtigt, diesen Aufwand direkt aus dem Vermögen der Gesellschaft zu decken.

Sollte die Gesellschaft zahlungsunfähig werden, gilt Rangrücktritt für die Forderungen der Auftraggeber. Sobald der Trust der Auftraggeberin errichtet ist, wird von ihm zusätzlich ein direkter Mandatsvertrag mit dem Auftragnehmer abgeschlossen.

3. Der Auftragnehmer erhält ein Jahreshonorar von Fr. 20'000.-, zahlbar im voraus. Barauslagen und Beratungstätigkeit werden gesondert vergütet.

Die Auftraggeberin resp. deren Trust ist verpflichtet, ihre Pflichten aus diesem Mandatsvertrag auf jegliche Rechtsnachfolger zu übertragen, bleibt aber dem Auftragnehmer weiterhin haftbar solange dieser sie nicht daraus mit schriftlicher Verzichtserklärung entlässt.

4. Aenderungen und Ergänzungen dieses Vertrages bedürfen zu ihrer Gültigkeit der Schriftform.

Diese Vereinbarung untersteht schweizerischem Recht.

Streitigkeiten über die Penney- und Trust-Tätigkeit des Auftragnehmers fallen unter die Zuständigkeit eines Einzelschiedsrichters mit Sitz in Zürich. Die Regeln dieses Schiedsgerichtsverfahren bestimmen sich nach der ICC Paris, welche auch den Schiedsrichter ernennt. Die Parteien verzichten ausdrücklich auf ihr Recht zur Anfechtung des Schiedsspruches.

3

Freiburg i.Br./Zürich, 17. August 1998

**Die Auftraggeberin:**

Angela Blickle:

**Der Auftragnehmer:**

Dr. Marco Stoffel:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                                    Plaintiffs,

                -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                                    Defendants.

---

Index No.: 08 CV 02844

# EXHIBIT 11

**TO THE**
**DECLARATION OF JOHN FELLAS IN SUPPORT OF**
**DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'**
**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**

Management Agreement

Between

Cedrick Blickle                                          Manager
Landweg 3, 6052 Hergiswil

And

Colleen Investment AG                                    Proprietor
Penny Asset AG
Obermattweg 12, 6052 Hergiswil

## 1. Appointment of the manager

The manager will assume all of the responsibility from the proprietor on April 1, 1999, meaning he will be the manager in both companies starting on that date. He is particularly responsible for organization, planning, administration, finances and human resources. He will also represent the proprietor in all matters, including external business.

## 2. The manager's duties

The manager is subject to the proprietor's supervisory authority. He will create an annual budget.

The manager must maintain silence regarding all knowledge, such as, but not exclusive to corporate, trade and business secrets and to not utilize this in any way during the duration of the management mandate.

STOFFEL 021092

The manager may also not take another job during the duration of the contract and is subject to the non-competition clause in Switzerland after termination of the contract.

3. Compensation

The function as manager is not paid because it is a family-owned business.

4. Jurisdiction and applicable law

This contract is subject to Swiss law. Arbitration proceedings according to the rules of Zurich's board of trade are to take place in the case of disagreements. The arbitration panel is based in Zurich. An individual arbitrator will be named; the President of Zurich's board of trade will name this arbitrator if the parties are unable to decide on this arbitrator amongst themselves. The parties expressly forego the possibility of appealing the verdict of these proceedings.

Hergiswil, October 26, 1998

Proprietor:                                          Manager:

[signature]                                          [signature]
Colleen Investment AG                                Cedrick Blickle
Penny Asset AG

STOFFEL 021093



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Rika Honda, hereby certify that the following is, to the best of my

knowledge, ability and belief, a true and accurate translation of the

document 'Exhibit 66' from German into English.

I am an employee of Transperfect Inc., an ISO 9001:2000 certified

provider of language services with experience at all 200 of the AmLaw

Top 200 firms.

Rika Honda

Sworn to before me this
8th day of January, 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 20 11

Stamp, Notary Public

# GESCHÄFTSFÜHRER-VERTRAG

## ZWISCHEN

**CEDRICK BLICKLE**                                      **GESCHÄFTSFÜHRER**
Landweg 3, 6052 Hergiswil

### UND

**COLLEEN INVESTMENT AG**
**PENNY ASSET AG**                                      **GESCHÄFTSINHABER**
Obermattweg 12, 6052 Hergiswil


## 1. Stellung des Geschäftsführers

Der Geschäftsführer übernimmt ab 1. April 1999 die gesamte operative Verantwortung für die Geschäftsinhaberin dh er wird ab dann Geschäftsführer in beiden Gesellschaften. Insbesondere trägt er die Verantwortung für Organisation, Planung, Administration, Finanzen und Personelles. Er vertritt die Geschäftsinhaberin vollumfänglich auch nach aussen.

## 2. Pflichten des Geschäftsführers

Der Geschäftsführer untersteht dem Weisungsrecht des Geschäftsinhabers. Er erstellt ein jährliches Budget.

Der Geschäftsführer hat während der Dauer des Geschäftsführer-Mandates über sämtliche ihm bekanntgewordenen Tatsachen wie insbesondere, aber nicht ausschliesslich Firmen-, Betriebs- und Geschäftsgeheimnisse etc. absolutes Stillschweigen zu bewahren und diese Tatsachen in keiner Weise zu verwerten.

O

STOFFEL 021092

2

Die Geschäftsführerin unterliegt auch einem Verbot einer weiteren Anstellung während der Vertragsdauer und einem Wettbewerbs-Verbot auf dem Gebiet der Schweiz nach Beendigung des Vertrages.

### 3. Vergütung

Die Tätigkeit als Geschäftsführerin erfolgt ohne Entgelt, da es sich um eine Familienunternehmung handelt.

### 4. Gerichtsstand und anwendbares Recht

Dieser Vertrag untersteht schweizerischem Recht. Im Falle von Streitigkeiten ist ein Schiedsgerichtsverfahren nach den Regeln der Zürcher Handelskammer durchzuführen. Sitz des Schiedsgerichtes ist Zürich. Es wird ein Einzelschiedsrichter ernennt; sollten sich die Parteien auf die Person dieses Einzelschiedsrichters nicht einigen, bestimmt der Präsident der Zürcher Handelskammer diesen Einzelschiedsrichter. Die Parteien verzichten ausdrücklich auf einen Weiterzug des Schiedsgerichtsurteils.

Herglawil, 26. Oktober 1998

Geschäftsinhaber:

Colleen Investment AG
Penny Asset AG

Geschäftsführer:

_Cedrick Blickle_

Cedrick Blickle

STOFFEL 021093

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                        Plaintiffs,

          -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                       Defendants.

Index No.: 08 CV 02844

# EXHIBIT 12

**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

Management Agreement

Between

Clarissa Blickle                                        Manager
Landweg 3, 6052 Hergiswil

And

Logany Equity AG                                        Proprietor
Obermattweg 12, 6052 Hergiswil

## 1. Appointment of the manager

The manager will assume all of the operating responsibility from the proprietor. In particular, she will be responsible for organization, planning, administration, finances and human resources. She will also represent the proprietor in all matters, including external business.

## 2. The manager's duties

The manager is subject to the proprietor's supervisory authority. She will create an annual budget.

The manager must maintain silence regarding all knowledge, such as, but not exclusive to corporate, trade and business secrets and to not utilize this in any way during the duration of the management mandate.

STOFFEL 021090

2

The manager may also not take another job during the duration of the contract and is subject to the non-competition clause in Switzerland after termination of the contract.

<u>3. Compensation</u>

The function as manager is not paid because it is a family-owned business.

<u>4. Jurisdiction and applicable law</u>

This contract is subject to Swiss law. Arbitration proceedings according to the rules of Zurich's board of trade are to take place in the case of disagreements. The arbitration panel is based in Zurich. An individual arbitrator will be named; the President of Zurich's board of trade will name this arbitrator if the parties are unable to decide on this arbitrator amongst themselves. The parties expressly forego the possibility of appealing the verdict of these proceedings.

Hergiswil, October 26, 1998

Proprietor:                                        Manager:

[signature]                                        [signature]
Logany Equity AG                                   Clarissa Blickle

                                                   STOFFEL 021091



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Rika Honda, hereby certify that the following is, to the best of my knowledge, ability and belief, a true and accurate translation of the document 'Exhibit 66' from German into English.

I am an employee of Transperfect Inc., an ISO 9001:2000 certified provider of language services with experience at all 200 of the AmLaw Top 200 firms.

Rika Honda

Sworn to before me this
8th day of January, 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 20 11

Stamp, Notary Public

# GESCHÄFTSFÜHRER-VERTRAG

## ZWISCHEN

**CLARISSA BLICKLE**                                    **GESCHÄFTSFÜHRERIN**
Landweg 3, 6052 Hergiswil

## UND

**LOGANY EQUITY AG**                                    **GESCHÄFTSINHABER**
Obermattweg 12, 6052 Hergiswil

### 1. Stellung der Geschäftsführerin

Die Geschäftsführerin übernimmt die gesamte operative Verantwortung für die Geschäftsinhaberin. Insbesondere trägt sie die Verantwortung für Organisation, Planung, Administration, Finanzen und Personelles. Sie vertritt die Geschäftsinhaberin vollumfänglich auch nach aussen.

### 2. Pflichten der Geschäftsführerin

Die Geschäftsführerin untersteht dem Weisungsrecht des Geschäftsinhabers. Sie erstellt ein jährliches Budget.

Die Geschäftsführerin hat während der Dauer des Geschäftsführer-Mandates über sämtliche ihr bekanntgewordenen Tatsachen wie insbesondere, aber nicht ausschliesslich Firmen-, Betriebs- und Geschäftsgeheimnisse etc. absolutes Stillschweigen zu bewahren und diese Tatsachen in keiner Weise zu verwerten.

STOFFEL 021090

2

Die Geschäftsführerin unterliegt auch einem Verbot einer weiteren Anstellung während der Vertragsdauer und einem Wettbewerbs-Verbot auf dem Gebiet der Schweiz nach Beendigung des Vertrages.

### 3. Vergütung

Die Tätigkeit als Geschäftsführerin erfolgt ohne Entgelt, da es sich um eine Familienunternehmung handelt.

### 4. Gerichtsstand und anwendbares Recht

Dieser Vertrag untersteht schweizerischem Recht. Im Falle von Streitigkeiten ist ein Schiedsgerichtsverfahren nach den Regeln der Zürcher Handelskammer durchzuführen. Sitz des Schiedsgerichtes ist Zürich. Es wird ein Einzelschiedsrichter ernannt; sollten sich die Parteien auf die Person dieses Einzelschiedsrichters nicht einigen, bestimmt der Präsident der Zürcher Handelskammer diesen Einzelschiedsrichter. Die Parteien verzichten ausdrücklich auf einen Weiterzug des Schiedsgerichtsurteils.

Hergiswil, 26. Oktober 1998

Geschäftsinhaber:                        Geschäftsführerin:

Logany Equity AG                         · Clarissa Blickle

STOFFEL 021691

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                                  Plaintiffs,

                -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                              Defendants.

Index No.: 08 CV 02844


# EXHIBIT 13


**TO THE
DECLARATION OF JOHN FELLAS IN SUPPORT OF
DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

# ORCONSULT SA

Mr. + Mrs.
Marco + Sue Stoffel
50 Birchall Drive
Scarsdale N.Y. 10583

Zurich, January 28, 2003

*Assignment of USD 1'237'500.00 loan granted to you by HVB Banque Luxemburg
("HVB") re: Birchall Drive*

Dear Mr. and Mrs. Stoffel

We refer to the notification sent to you by HVB on January 21, 2003, according to which
the bank has assigned to our company the loan including all subsidiary rights effective
January 2, 2003.

We herewith confirm that we carry on this loan, which was granted for the acquisition of
your Scarsdale home on March 11, 1999. Our loan is for a term of 2 (two) years,
starting from its initial maturity date of July 31, 2004 i.e. until July 31, 2006 with accrual
of interest until maturity at the reduced rate of 2,5% p.a. instead of the rate charged by
HVB (8.25% p.a.). This preferential rate is granted to you in view of your involvement as
director and/or officer of various group companies.

In case of non payment at maturity, Mrs. Stoffel as owner of the Birchall Drive property
grants us direct foreclosure rights into this property for principal and accrued interest.

Secondarily, insofar as the foreclosure proceeds should not entirely cover our claims,
we are entitled to offset any shortfall against any amounts due to Mr. Stoffel in
connection with his employment with the various group companies.

This agreement shall be governed by and construed in accordance with the laws of
Switzerland.

All disputes arising out and in connection with this agreement shall be finally settled
according to the conciliation and arbitration rules of the Swiss Chamber of Commerce,
Zurich.

Sincerely yours
ORCONSULT SA

WENGISTRASSE 7 · POSTFACH · CH-8026 ZÜRICH
TEL.: +41 1 297 27 27 · FAX: +41 1 297 27 60 · E-Mail: info@orconsult.com
MwSt-No.: 255 527

STOFFEL 020989

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

Index No.: 08 CV 02844

                              Plaintiffs,

              -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                              Defendants.

---

# EXHIBIT 14

**TO THE**
**DECLARATION OF JOHN FELLAS IN SUPPORT OF**
**DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'**
**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**



## ORCONSULT

Mr. + Mrs.
Marco + Sue Stoffel
50 Birchall Drive
Scarsdale N.Y, 10583

Zurich, December 16, 2005

Dear Mr. and Mrs. Stoffel

Referring to our credit line confirmation of June 15, 2001 we confirm the following:

The USD 1'700'000.- limit of the credit line is exhausted with the USD 1'300'000.- that Mrs. Stoffel and the USD 300'000.- that Lauramca Holdings LLC has received.

To secure these two loans Mr. Stoffel has undertaken in his capacity as managing member of Lauramca Holdings LLC to grant Orconsult SA direct foreclosure rights into Lauramca Holdings LLC's townhouse on 340 West 12th Street, New York in case of non-payment at maturity.

As we had agreed in 1999 when you took on your assignment the maturity will be June 24, 2009, when the 10 years are over that we agreed for your minimum length of remaining with our group in your capacity as director of the various group companies. The interest rate applicable is 2,5%.

As per our arrangement the repayment obligation for the credit line of USD 1'700'000.- will be forgiven if and when you have exceeded the 10 years employment duration.

This agreement shall be governed by and construed in accordance with the laws of Switzerland. All disputes arising out and in connection with this agreement shall be finally settled according to the conciliation and arbitration rules of the Zurich Chamber of Commerce.

Please countersign this confirmation for consent by you and Lauramca Holdings LLC.

Sincerely yours
ORCONSULT SA

For consent:

Dr. Marco Stoffel

ORCONSULT SA  Wergistrasse 7  Postfach CH-8021 Zurich
Telefon +41 (0)44 25 27 27 Fax +41 (0)44 25 27 00 E-mail info@orconsult.com Internet www.orconsult.com
MWST-No. 256 527

**STOFFEL 021003**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

Index No.: 08 CV 02844

                          Plaintiffs,

          -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                          Defendants.

---

# EXHIBIT 15

### TO THE
### DECLARATION OF JOHN FELLAS IN SUPPORT OF
### DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
### SUPPLEMENTAL MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF MOTION TO DISMISS

**Declaration regarding Recipients**     *Exhibit C No. 8/1*

For the period of January 1, 1999 through December 31, 2001 (Accounting Period) the undersigned Clarissa and Cedrick Blickle (both hereinafter referred to as "Depositors") hereby declare the following in favour of Stiftung Persoenlichkeitsstoerungen (StPSt), Borderline Personality Disorder Research Foundation BPDRF) and Third Millennium Foundation (TMF) as well as their Secretaries and Treasurers (M.Hug, R.Merritt, M.Stoffel) (all six hereinafter referred to as "Recipients"):

A.  Depositors remise, release and forever discharge Recipients from any and all claims, losses, damages, demands and liabilities whatsoever which may at any time be asserted by any person or entity relating to, arising out of, or in any way connected with their activity under the enclosed agreements of 1/15/99, 3/15/02 and 3/18/02 and the acts done or omitted by them as Recipients during the Accounting Period.

B.  Depositors agree to hold harmless and, to the extent of the property received by each of them, jointly and severally to reimburse and indemnify, and their respective legal representatives, successors, heirs, assigns, executors and administrators, of, from and against any and all claims, losses, damages, demands and liabilities whatsoever which may at any time be asserted by any person or entity relating to, arising out of, or in any way connected with their activity and the acts done or omitted by them during the Accounting Period.

C. Represent, covenant and warrant that they have no claims against the three foundations which received the escrow amounts (StPSt, BPDRF, TMF) nor against the Recipients of these foundations.

D. Intend this agreement to have the same effect as a court decree or judgment and, upon the assertion by any person or entity of any claims or demands relating to, arising out of, or in any way connected with the activity; and waive the issuance and service of any process in any judicial action or proceeding which they may elect to bring for the settlement of their accounts, and consent to the entry of a final judgment, decree or order judicially settling the same without further notice to them.

E. Agree that they will, in the future, execute any documents, proper in form and content, required to give effect to the provisions of this Agreement. AND the undersigned do hereby agree that the foregoing agreement shall be binding upon and shall inure to the benefit of the undersigned, their mother Angela Blickle and their father Holger Blickle, and their respective heirs, distributes, next of kin, executors, administrators, legal and personal representatives, successors and assigns, as the case may be.

F. AND this agreement shall be governed in all respects by SWISS LAW. In the event of a dispute between the parties in connection with this Agreement the parties will submit to the arbitration proceeding according to the rules of the Swiss Code on International Private Law, the place of arbitration being ZURICH. An arbitration tribunal of three arbitrators is to be formed. The rules of the Zurich Chamber of

3

Commerce apply including Mini Trial. The Depositors and the Escrow Agents each appoint one arbitrator. In case one or both sides cannot agree on their one arbitrator, the Chamber's President appoints him. The two party arbitrators elect the Chairman of the arbitration tribunal. The parties expressly waive their right to appeal against the arbitration award.

January 16, 2003

*Cl. Blickle*                           *C. Blickle*

Clarissa Blickle                        Cedrick Blickle

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                    Plaintiffs,

        -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                    Defendants.

Index No.: 08 CV 02844

---

# EXHIBIT 16

**TO THE**
**DECLARATION OF JOHN FELLAS IN SUPPORT OF**
**DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'**
**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**

**Declaration regarding Escrow Agents**

For the period of January 1, 1999 through December 31, 2001 (Accounting Period) the undersigned Clarissa and Cedrick Blickle (Depositors) hereby declare the following in favour of Madison Corporate Development Limited and Dr.Marco Stoffel as well as Maytown Universal SA and Mr.Guido Banhofzer (Escrow Agents):

A. Depositors remise, release and forever discharge Escrow Agents from any and all claims, losses, damages, demands and liabilities whatsoever which may at any time be asserted by any person or entity relating to, arising out of, or in any way connected with their activity as escrow agents under the enclosed agreements of 1/15/99, 3/15/02 and 3/18/02 and the acts done or omitted by them during the Accounting Period.

B. Depositors agree to hold harmless and, to the extent of the property received by each of them, jointly and severally to reimburse and indemnify, and their respective legal representatives, successors, heirs, assigns, executors and administrators, of, from and against any and all claims, losses, damages, demands and liabilities whatsoever which may at any time be asserted by any person or entity relating to, arising out of, or in any way connected with their activity as escrow agents and the acts done or omitted by them during the Accounting Period.

C. Represent, covenant and warrant that they have no claims against the three foundations which received the escrow amounts (StPSt, BPDRF, TMF) nor against the grantees of these foundations.

D. Intend this agreement to have the same effect as a court decree or judgment and, upon the assertion by any person or entity of any claims or demands relating to, arising out of, or in any way connected with the activity as escrow agent, and waive the issuance and service of any process in any judicial action or proceeding which they may elect to bring for the settlement of their accounts, and consent to the entry of a final judgment, decree or order judicially settling the same without further notice to them.

E. Agree that they will, in the future, execute any documents, proper in form and content, required to give effect to the provisions of this Agreement. AND the undersigned do hereby agree that the foregoing agreement shall be binding upon and shall inure to the benefit of the undersigned, their mother Angela Blickle and their father Holger Blickle, and their respective heirs, distributes, next of kin, executors, administrators, legal and personal representatives, successors and assigns, as the case may be.

F. AND this agreement shall be governed in all respects by SWISS LAW. In the event of a dispute between the parties in connection with this Agreement the parties will submit to the arbitration proceeding according to the rules of the Swiss Code on International Private Law, the place of arbitration being ZURICH. An arbitration tribunal of three arbitrators is to be formed. The rules of the Zurich Chamber of

Commerce apply including Mini Trial. The Depositors and the Escrow Agents each appoint one arbitrator. In case one or both sides cannot agree on their one arbitrator, the Chamber's President appoints him. The two party arbitrators elect the Chairman of the arbitration tribunal. The parties expressly waive their right to appeal against the arbitration award.

January 16, 2003

Clarissa Blickle

Cedrick Blickle

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VISTRA TRUST COMPANY (JERSEY)
LIMITED AS TRUSTEE OF THE ALSAM;
COLLEEN AND LOGANY SETTLEMENTS;
COLLEEN INVESTMENT AG; ALSAM
HOLDING AG; PENNY ASSET AG;
LOGANY EQUITY AG;
VIERWALDSTATTER BETEILIGUNGEN
AG; CLARICK AG; COLLEEN
INVESTMENT, L.L.C.; LOGANY, L.L.C.;
AND WILLIAM TACON, RECEIVER AND
MANAGER OF THE ASSETS OF                    Index No.: 08 CV 02844
MAYTOWN UNIVERSAL SA AND
PLYMPTON UNIVERSAL SA,

                                    Plaintiffs,

                 -against-

DR. MARCO STOFFEL; ALBE
ASSOCIATES LIMITED; BLUECOLT
SECURITIES CORPORATION;
LAURAMCA HOLDINGS, L.L.C.; AND
JOHN DOES 1-10,

                                    Defendants.

# EXHIBIT 17

## TO THE
## DECLARATION OF JOHN FELLAS IN SUPPORT OF
## DR. MARCO STOFFEL AND LAURAMCA HOLDINGS, L.L.C.S'
## SUPPLEMENTAL MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS

**Sharing Agreement for Heirs of Angela Blickle-Lucke**

Angela G. Blickle, neé Lucke
Born in Leipzig/Germany on 12/31/1947
Deceased in Hergiswil/Switzerland 02/16/1999

Today appeared before me, the undersigned Notary Public in Dennis

    1)  Holger Blickle

Residing in Dennis, Mass.
Born 11/13/1943 in Heidelberg/Germany
And presented identification of his German passport

And

    2)  Clarissa Blickle

Residing in Hergiswil, Switzerland
Born on 01/16/1976 in Freiburg i.Br./Germany
And presented identification of her German passport

    3)  Cedrick Blickle

Residing in Hergiswil, Switzerland
Born on 02/14/1979 in Freiburg i.Br./Germany
And presented identification of his German passport

And they requested attestation of the following

**Sharing Agreement of Heirs**

After I, as Notary Public, was convinced of the legal competence of the persons
appearing before me, they declared:

-Page 1/3-

STEFFEL 021082

1.    The estate inventory (along with addendum relating to wife and mother Angela Blickle-Lucke, who died on 2/16/1999) prepared by the Municipality of Hergiswil/Switzerland is recognized as correct and complete by all of the persons appearing.

2.    All of the transactions undertaken by Angela Blickle-Lucke on the basis of the power of attorney from person appearing no. 1) dated 1/20/1998 are hereby expressly approved by Holger Blickle.  In particular, he approves the transfers of accounts and custody accounts (securities) at Deutsche Bank Freiburg and Dresdner Bank undertaken prior to the death of Angela Blickle-Lucke.  Said balances were transferred to persons appearing nos. 2) and 3) on a fiduciary basis, in order to bridge the time until the decedent was able to donate the balances to the charitable organizations she had selected; person appearing no. 1) hereby acknowledges said transaction as correct and waives any and all claims against his children and the donee organizations in connection therewith.

3.    The sale of the Freiburg real property to Penny Assets AG undertaken prior to the death of Angela Blickle-Lucke is approved by all three of the persons appearing. The donations of said sales proceeds and the bank balances at Dresdner Bank and Deutsche Bank to charitable organizations undertaken by Angela Blickle-Lucke prior to her death is likewise hereby expressly approved. The consultants utilized by Angela Blickle-Lucke for said transfers and donations are hereby granted release from liability.

4.    The assignment of the statutory forced share and statutory supplemental forced share claims of person appearing no. 1) to his brothers arising from the estate of his parents undertaken prior to the death of Angela Blickle-Lucke on the basis of the power of attorney is hereby acknowledged and approved by person appearing no. 1).  For the arrangement concerning this process among the persons appearing, reference is made to the agreements concluded on 12/26/2001 and 12/24/2002, which shall be deemed to constitute an integrated component of this contract.

5.    The transfers of bank balances (particularly Dresdner Bank, Commerzbank, Deutsche Bank and UBS) undertaken among the three persons appearing following the death of Angela Blickle-Lucke by separate agreements are hereby approved once again.

The transfers of residences and real property in Gstaad (Switzerland) and Port Grimaud (France) to persons appearing nos. 2) and 3) undertaken by separate agreements are hereby approved once again.

Page 2/3

STEFFEL 021083

For purposes of the implementation of the aforementioned transactions, persons appearing nos. 2) and 3) and the consultants they utilized for this purpose are hereby granted release from liability.

6.   The three persons appearing hereby declare that they have, on the basis of this contract, reached a full settlement of all claims arising from the estate of Angela Blickle-Lucke, as well as any and all additional claims arising from other legal relationships.

7.   The law of the place of conclusion of the contract shall govern for purposes of the form of this contract. Swiss law shall govern the content of the contract. In the event of disputes arising from this contract, an arbitration Court seated in Zürich shall have exclusive jurisdiction; in this regard, an individual arbitration judge appointed by the Chamber shall render a decision. The rules of the Zürich Chamber of Commerce, including mini-trial, shall be applicable. The parties expressly waive contestation of the arbitration judgment.

The foregoing record was read aloud to the persons appearing, approved by them and personally signed as follows:

Dennis, December 26, 2002

[signature]                    [signature]                    [signature]
Holger Blickle                 Clarissa Blickle               Cedrick Blickle

Then personally appeared before me,     Then personally appeared before me,     Then personally appeared before me,
the above named, and acknowledged       the above named, and acknowledged       the above named, and acknowledged
the foregoing to be free act            the foregoing to be free act            the foregoing to be free act
and deed.                               and deed.                               and deed.

CORDELL JOSEPH                CORDELL JOSEPH                CORDELL JOSEPH
NOTARY PUBLIC                 NOTARY PUBLIC                 NOTARY PUBLIC
My Commission Expires May 8, 2009   My Commission Expires May 8, 2009   My Commission Expires May 8, 2009

Page 3/3



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Rika Honda, hereby certify that the following is, to the best of my knowledge, ability and belief, a true and accurate translation of the document 'Exhibit 14' from German into English.

I am an employee of Transperfect Inc., an ISO 9001:2000 certified provider of language services with experience at all 200 of the AmLaw Top 200 firms.

Rika Honda

Sworn to before me this
8th day of January, 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 20 11

Stamp, Notary Public

12/03/2007  13:03    2129371955              STOFFEL              PAGE  02/19

# Teilungsvertrag Nachlass Angela Blickle-Lucke

Angela G. Blickle geb. Lucke
geboren in Leipzig/Deutschland am 31.12.1947
gestorben in Hergiswil/Schweiz am 16.02.1999


Vor mir, dem unterzeichneten Notar in Dennis erschienen heute

    1) Holger Blickle


wohnhaft in Dennis, Mass.
geboren am 13.11.45 in Heidelberg/Deutschland
ausgewiesen durch deutschen Reisepass


und

    2) Clarissa Blickle


wohnhaft in Hergiswil, Schweiz
geboren am 16.01.76 in Freiburg i.Br./Deutschland
ausgewiesen durch deutschen Reisepass


    3) Cedrick Blickle


wohnhaft in Hergiswil, Schweiz
geboren am 14.02.79 in Freiburg i.Br./Deutschland
ausgewiesen durch deutschen Reisepass

und ersuchten mich um die Beurkundung des nachstehenden


## Erbteilungsvertrages


Nachdem ich, der Notar, mich von der Geschaeftsfaehigkeit der Erschienenen
ueberzeugt hatte, erklaerten sie :


-Seite 1/3 -

1.  Das von der Gemeinde Hergiswil/Schweiz erstellte Nachlassinventar samt
    Nachtrag betreffend der am 16.03.99 verstorbenen Ehefrau und Mutter
    Angela Blickle-Lucke wird von allen drei Erschienenen als korrekt und
    vollstaendig anerkannt.

2.  Saemtliche von Angela Blickle-Lucke gestuetzt auf die Vollmacht des
    Erschienenen zu 1) vom 30.01.98 vorgenommenen Transaktionen
    werden hiermit von Holger Blickle ausdruecklich genehmigt. Insbesondere
    genehmigt er die vorgaengig zu ihrem Tod von Angela Blickle-Lucke
    vorgenommenen Uebertragungen von Konto- und Depotguthaben
    (Wertpapiere) bei der Deutschen Bank Freiburg und der Dresdner Bank.
    Diese Guthaben wurden treuhaenderisch auf die Erschienenen zu 2) und 3)
    uebertragen, um die Zeit zu ueberbruecken, bis die Verstorbene die
    Guthaben an die von ihr ausgewaehlten karitativen Organisationen
    schenken konnte; der Erschienenen zu 1) anerkennt diesen Vorgang als
    korrekt und verzichtet auf jegliche Ansprueche im Zusammenhang damit
    gegenueber seinen Kindern und den beschenkten Organisationen.

3.  Der vorgaengig zum Tod der Angela Blickle-Lucke vorgenommene Verkauf
    der Freiburger Liegenschaften an Penny Asset AG wird von allen drei
    Erschienenen genehmigt. Die durch Angela Blickle-Lucke vor ihrem Tod
    vorgenommenen Schenkungen dieses Verkauferloeses und der
    Bankguthaben bei Dresdner Bank und Deutschen Bank an karitative
    Organisationen werden hiermit ebenfalls ausdruecklich genehmigt. Den
    von Angela Blickle-Lucke fuer diese Uebertragungen und Schenkungen
    beigezogenen Beratern wird hiermit Decharge erteilt.

4.  Die vorgaengig zum Tod der Angela Blickle-Lucke gestuetzt auf die
    Vollmacht vorgenommene Abtretung der Pflichtteils- und
    Pflichtteilsergaenzungsansprueche des Erschienenen zu 1) gegen seine
    Brueder aus dem Nachlass seiner Eltern wird hiermit von ihm ebenfalls
    anerkannt und genehmigt. Fuer die Regelung zu diesem Prozess unter den
    Erschienenen wird auf die am 26.12.01 und 24.12.02 getroffenen
    Vereinbarungen verwiesen, welche als integrierender Bestandteil dieses
    Vertrages gelten.

5.  Die unter den drei Erschienenen nach dem Tod der Angela Blickle-Lucke mit
    separaten Abreden vorgenommenen Uebertragungen von Bankguthaben
    (insbesondere Dresdner Bank, Commerzbank, Deutsche Bank und UBS)
    werden hiermit nochmals genehmigt.

    Die mit separaten Abreden vorgenommenen Uebertragungen der
    Wohnungen und Grundstuecke Gstaad (Schweiz) und Port Grimaud
    (Frankreich) auf die Erschienenen zu 2) und 3) werden hiermit nochmals
    genehmigt.

                                                              - Seite 2/3 -

STOFFEL 021083

Fuer die Durchfuehrung der vorgenannten Transaktionen wird den Erschienenen zu 2) und 3) sowie den von diesen dafuer beigezogenenen Beratern hiermit Decharge erteilt.

6.  Die drei Erschienenen erklaeren sich gestuetzt auf diesen Vertrag als per saldo aller Ansprueche aus dem Nachlass von Angela Blickle-Lucke sowie allfaelliger weiterer Ansprueche aus anderen Rechtsverhaeltnissen auseinandergesetzt.

7.  Fuer die Form dieses Vertrages ist das Recht am Abschlussort massgebend. Fuer den Vertragsinhalt gilt Schweizer Recht. Bei Streitigkeiten aus diesem Vertrag ist ausschliesslich ein Schiedsgericht mit Sitz in Zuerich zustaendig, wobei ein durch die Kammer zu bestellender Einzelschiedsrichter entscheidet. Es sind die Regeln der Zuercher Handelskammer einschliesslich Mini Trial anwendbar. Die Parteien verzichten ausdruecklich auf die Anfechtung eines Schiedsurteils.

Vorstehendes Protokoll wurde den Erschienenen vorgelesen, von ihnen genehmigt und eigenhaendig, wie folgt unterschrieben:

Dennis, 26. Dezember 2002

| Holger Blickle | Clarissa Blickle | Cedrick Blickle |
|---|---|---|
| Then personally appeared before me, the above named, and acknowledged the foregoing to be free act and deed. | Then personally appeared before me, the above named, and acknowledged the foregoing to be free act and deed. | Then personally appeared before me, the above named, and acknowledged the foregoing to be free act and deed. |
| CORDELL JOSEPH NOTARY PUBLIC My Commission Expires May 8, 2009 | CORDELL JOSEPH NOTARY PUBLIC My Commission Expires May 8, 2009 | CORDELL JOSEPH NOTARY PUBLIC My Commission Expires May 8, 2009 |

- Seite 3/3 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing Motion For Leave To Submit Supplemental Memorandum Of Law, Supplemental Memorandum of Law In Further Support of Motion to Dismiss, Declaration of John Fellas In Support of the Supplemental Memorandum Of Law, and Declaration of Francois Knoepfler all dated March 25, 2008, to be served by Federal Express this 25 day of March, 2008, to the following:

Scott S. Balber, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112

Martin J. Murray, Esq.
Law Offices of Martin J. Murray
475 Park Avenue South, 23rd Floor
New York, NY 10011

ATTORNEYS FOR PLAINTIFFS VISTRA TRUST COMPANY (JERSEY) LIMITED AS TRUSTEE OF THE ALSAM; COLLEEN AND LOGANY SETTLEMENTS; COLLEEN INVESTMENT AG; ALSAM HOLDING AG; PENNY ASSET AG; LOGANY EQUITY AG; VIERWALDSTATTER BETEILIGUNGEN AG; CLARICK AG; COLLEEN INVESTMENT, L.L.C.; LOGANY, L.L.C.; AND WILLIAM TACON, RECEIVER AND MANAGER OF THE ASSETS OF MAYTOWN UNIVERSAL SA AND PLYMPTON UNIVERSAL SA

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 25, 2008
       New York, New York

_____
Hagit Elul