John Fellas
Hagit Elul
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
fellas@hugheshubbard.com

Attorneys for Defendants Dr. Marco Stoffel
and Lauramca Holdings, L.L.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| VISTRA TRUST COMPANY (JERSEY) LIMITED AS TRUSTEE OF THE ALSAM; COLLEEN AND LOGANY SETTLEMENTS; COLLEEN INVESTMENT AG; ALSAM HOLDING AG; PENNY ASSET AG; LOGANY EQUITY AG; VIERWALDSTATTER BETEILIGUNGEN AG; CLARICK AG; COLLEEN INVESTMENT, L.L.C.; LOGANY, L.L.C.; and WILLIAM TACON, RECEIVER AND MANAGER OF THE ASSETS OF MAYTOWN UNIVERSAL SA AND PLYMPTON UNIVERSAL SA, <br><br> Plaintiffs, <br><br> - against - <br><br> DR. MARCO STOFFEL; ALBE ASSOCIATES LIMITED; BLUECOLT SECURITIES CORPORATION; LAURAMCA HOLDINGS, L.L.C.; and JOHN DOES 1-10 <br><br> Defendants. | Case No. 2008 CV-02844 |

---

**MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO REMAND**

# TABLE OF CONTENTS

Page

Introduction.................................................................................................................1

Background................................................................................................................3

    The Parties ...........................................................................................................3

    The State Court Proceedings.................................................................................4

    The Swiss Arbitration ...........................................................................................4

    The Removal..........................................................................................................5

Argument ..................................................................................................................6

    I.    This Court Has Subject Matter Jurisdiction Under The FAA...............................................................................................................6

        A.    The Jurisdictional Requirements Of The FAA Are Satisfied Here.......................................................................6

        B.    Plaintiffs Conflate The Issue Of Jurisdiction Under The FAA With The Merits Of Whether Their Claims Are Arbitrable.......................................................10

        C.    Plaintiffs' Claims Are Subject To Arbitration. .................14

    II.    The Consent of Albe And Bluecolt Is Not Required. ...................15

        A.    Plaintiffs Never Properly Served Albe And Bluecolt. ..........................................................................15

        B.    Albe And Bluecolt Are Nominal Defendants Which Need Not Consent To Removal. ........................................18

        C.    Unanimity Of Consent Is Not Required For Removal Under Section 205 Of The FAA.........................19

    III.    Defendants Have Complied With Local Rule 81.1. .....................20

    IV.    Stoffel Has Not Waived His Right To Arbitrate............................22

Conclusion ...............................................................................................................25

i

# TABLE OF AUTHORITIES

Page

## CASES

*Acosta v. Master Maint. & Constr., Inc.*, 52 F. Supp. 2d 699 (M.D. La. 1999) ...................................................................................................................19, 20

*Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980)...................................19

*AtGamesHoldings Ltd. v. Radica Games Ltd.*, 394 F. Supp. 2d 1252 (C.D. Cal. 2005).................................................................................................................13

*Bagnato v. The Home Depot*, No. 03-CV-0789E(SC), 2004 WL 625270 (W.D.N.Y. Jan. 15, 2004)............................................................................................21

*Banco de Santander Central Hispano v. Consalvi Int'l Inc.*, 425 F. Supp. 2d 421 (S.D.N.Y. 2006)...................................................................................12

*Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002) ....................................................................11, 12

*Bell v. Cedant Corp.*, 293 F.3d 563 (2d Cir. 2002)........................................................................23

*Com-Tech Assoc. v. Computer Assoc.*, 938 F.2d 1574 (2d Cir. 1991) ............................................24

*Cury v. Royal Palm Sav. Ass'n*, 713 F. Supp. 388 (S.D. Fla. 1989)................................................21

*Dale Metals Corp. v. Kiwa Chem. Indus. Co.*, 442 F. Supp. 78 (S.D.N.Y. 1977) .........................................................................................................................13

*Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126 (2d Cir. 1997).......................................................23

*Ely Valley Mines, Inc. v. Hartford Accident and Indemnity Co.*, 644 F.2d 1310 (9th Cir. 1981)...........................................................................................19

*Employers Ins. Of Wausau v. Certain Underwriters at Lloyd's, London*, 787 F. Supp. 165 (W.D. Wisc. 1992).....................................................................20

*Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991).......................................................................................................................18

*Fast Pro Intern., Inc. v. Great Plains Software O.C., Inc.*, No. 01-2082, 2001 WL 395287 (D. Kan. Apr. 10, 2001).......................................................21

*Fulfree v. Manchester*, 182 F.3d 899, 1999 WL 385753 (2d Cir. June 7, 1999) ....................................................................................................................21, 22

## TABLE OF AUTHORITIES

Page

*Global Gold Mining v. Robinson*, 533 F. Supp. 2d 442 (S.D.N.Y. Feb. 6, 2008) ..................................................................................................14

*Global SantaFe Drilling Co. v. Insur. Co. of State of Pa.*, No. C 05-4411 (CW), 2006 WL 13090 (N.D. Cal. Jan 3, 2006)....................................13

*Intertec Contracting v. Turner Steiner Int'l*, No. 98 cv 9116 (CSH), 2000 WL 709004 (S.D.N.Y. May 31, 2000) ...........................................12

*Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723 (D.Md. 2006) ........................................18

*Kramer v. Hammond*, 943 F.2d 176 (2d Cir. 1991)....................................................24

*Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. 02-2435-CM, 2003 WL 21313957 (D. Kan. May 23, 2003)...................................22

*Matthews Metals Prods., Inc. v. RBM Precision Metals Prods., Inc.*, 186 F.R.D. 581 (N.D. Cal. 1999)...................................................17

*Mayes v. Moore*, 367 F. Supp. 2d 919 (M.D.N.C. 2005)............................................18

*McDermott Int'l Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991)....................................................19

*McKay v. Point Shipping Corp.*, 587 F. Supp. 41 (S.D.N.Y. 1984) ............................................18

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985)................................................14

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)................................................22

*Motorola Credit Corp v. Uzan*, 388 F.3d 39 (2d Cir. 2004)............................................14

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ..................................21

*PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103 (2d Cir. 1997)...........................23, 24

*Patel v. Moore*, 968 F. Supp. 587 (D. Kan. 1997) .....................................21

*Raschel v. Rish*, 120 A.D.2d 945 (4th Dep't 1986) ......................................17

*Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 334 (S.D.N.Y. 2005)........................................12, 13, 22

*Ruffolo v. Oppenheimer & Co., Inc.*, 1992 WL 232084 (S.D.N.Y. 1992)....................................17

*Rush v. Oppenheimer &Co.*, 779 F.2d 885 (2d Cir. 1985) ............................................24

# TABLE OF AUTHORITIES

Page

*S&R Co v. Kingston v. Latona*, 159 F.3d 80 (2d Cir. 1998) ........................................................23

*Sarhank v. Oracle Corp.*, 404 F.3d 657 (2d Cir. 2005) ...........................................2, 10, 11, 13, 22

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974) .....................................................................19

*Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir.1991) ....................................24

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88 (2d Cir. 1999) ..............................................................................................6

*Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991)....................................21, 22

*Stoneybrook Tenants Ass'n, Inc. v. Alpert*, 194 F. Supp. 552 (D.C. Conn.1961).....................................................................................................................18

*Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457 (2d Cir. 1985) .......................................................................................................................24

*Varela v. Flintlock Constr., Inc.*, 148 F. Supp. 2d 297 (S.D.N.Y. 2001) .....................................19

*World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362 (2d Cir. 1965)..........................................................................................................................23

## STATUTES

Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*.................................................................. *passim*

28 U.S.C. § 1441 *et seq.*..............................................................................................6, 19 – 21

## RULES

CPLR § 311...................................................................................................................................17

S.D.N.Y. Local Rule 81.1 ....................................................................................................*passim*

Defendants Marco Stoffel and Lauramca Holdings L.L.C. ("Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' motion to remand.

## Introduction

This action relates to arbitration agreements that fall within the Convention on the Recognition and Enforcement of Arbitral Awards of June 10, 1958 (the "Convention"), as implemented by the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.* These agreements relate to and govern a complex trust structure devised for estate and charitable purposes. The Plaintiffs in this action are all trust-related entities that were formed to further the trust purposes, such as entities designed to maximize the value of the assets and reduce tax liabilities. Stoffel was appointed by the donor of the trust funds to serve as protector of several trusts and as director of a foundation created pursuant to the trust structure. The trust structure and the relationships between Stoffel and the trust-entities are governed by various agreements that include arbitration clauses calling for arbitration in Switzerland. The thrust of the complaint is that Stoffel engaged in wrongdoing in carrying out his trust-related duties that were governed by the various trust-related agreements containing arbitration clauses. The complaint explicitly relies on three of these agreements, the Fiduciary Agreements, between Stoffel and plaintiff Vistra, which concern Stoffel's obligations vis-à-vis the trust, including his liability for "unlawful behavior" and "gross negligence." Based on these and other agreements described in more detail in this brief, Defendants filed a motion to dismiss or stay in favor of arbitration, and then removed this action from state to federal court pursuant to 9 U.S.C. § 205, which permits the removal of an action that "relates to an arbitration agreement or award falling under the Convention."

Plaintiffs put forward four arguments in support of their motion to remand. None has any merit.

First, Plaintiffs' argument that this court lacks subject matter jurisdiction confuses the standard for removal under 9 U.S.C. § 205, which merely requires that this action "relate to" an arbitration agreement falling under the Convention, with their substantive merits-based objections to arbitrability. *See Sarhank v. Oracle Corp.*, 404 F.3d 657, 660 (2d Cir. 2005). Courts have therefore, routinely denied remand where, as here, the party resisting arbitration merely disputes that it was bound by arbitration agreements. Here the fact that Plaintiffs explicitly rely on the Fiduciary Agreements — agreements that fall under the Convention — is alone sufficient for this Court to find that this action falls within section 205.

Second, Plaintiffs' argument that Albe and Bluecolt were properly served because Plaintiffs effectuated service on Stoffel has no support in either the record or the law. Plaintiffs concede that they made no effort to execute service abroad in Switzerland, at the address that Plaintiffs identified in the summons for Albe and Bluecolt, or at their place of incorporation, Panama or the British Virgin Islands. And they provide no certificate demonstrating service on these entities. Rather, they point to an affidavit of service attesting only to service "by hand on defendant Dr. Marco Stoffel," and claim that service on Stoffel was sufficient to serve these entities. But, contrary to Plaintiffs' assertions, Stoffel does not control these entities. Even if Albe and Bluecolt could be served through Stoffel, which Defendants deny, Plaintiffs failed to effectuate such service by serving separate copies of the summons for each Defendant, as required under the law. Plaintiffs' argument fails for two additional reasons: (i) Albe and Bluecolt are nominal

2

defendants whose consent is not required, and (ii) unanimity of consent is not required for removal under the FAA, which is to be construed broadly in favor of federal jurisdiction.

Plaintiffs' third argument, that Defendants' submission of the file possessed by the state court clerk was not in compliance with Local Rule 81.1, is an effort at distraction. Defendants disagree that the procedure they used was not in compliance with the local rule, but in any case, the court has the discretion to excuse noncompliance. Remand on this ground would, in any case, only waste the parties' and the courts' resources, since Defendants can re-remove this case any time before trial.

Plaintiffs' final argument for remand — that Stoffel waived his right to arbitrate this dispute by participating in litigation in *other cases* between *other parties* concerning *different* legal issues than those presented here — is irrelevant to the issue of subject matter jurisdiction and, therefore, does not support remand. It also lacks legal support; in *this* case, Stoffel has made a motion to dismiss in favor of arbitration; that can hardly be considered waiver.

## Background

### *The Parties*

This dispute relates to the use and control of assets held by a complex trust structure devised for estate and charitable purposes. In 1998, Angela Blickle ("Blickle") appointed Stoffel to act personally or through an entity as protector of several trusts that were intended, in part, to support research into borderline personality disorder. (Declaration of John Fellas in Support of Supplemental Memorandum of Law In Further Support of Motion To Dismiss dated March 25, 2008 ("Fellas March 25 Decl.") Ex. 1 (Donation Agreement).) To further this end, Blickle also created a foundation in the field

3

of research into borderline personality disorder (the "Foundation"), named Stoffel as director, and donated money to fund the Foundation's work. (*Id.*) Various entities related to the trusts and Foundation were formed, and various other agreements were entered into, to further the purpose of the Donation Agreement, such as entities designed to maximize the value of the assets and reduce tax liabilities. Stoffel and a number of the trust-related entities comprise the parties in this action. (Notice of Removal Ex. 1 (Compl. at ¶¶ 2 – 15, 18 – 19, 24, 27, 31.)) And the thrust of the complaint in this action is that Stoffel engaged in wrongdoing in connection with the activities of the trusts and the Foundation.

## The State Court Proceedings

On December 21, 2007, Plaintiffs commenced a civil action, numbered 116985/07, against Defendants in the Supreme Court of the State of New York, County of New York. On January 23, 2008, Defendants filed a motion to dismiss or stay on the grounds that Plaintiffs' claims were subject to arbitration, or alternatively, on the grounds of *forum non conveniens*, and oral arguments were heard on March 3, 2008.

## The Swiss Arbitration

Defendants filed their Notice of Arbitration with the Swiss Chambers on January 21, 2008, pursuant to the Swiss Rules of International Arbitration (the "Swiss Rules"). The respondents in the arbitration are all the parties named in this action, including all Plaintiffs and the two defendants Bluecolt Securities Corp. ("Bluecolt") and Albe Associates Ltd. ("Albe"), as well as non-parties Orconsult SA and Orconsult Ltd. (Declaration of John Fellas dated May 5, 2008 ("Fellas May 5 Decl.") Ex. 1.) The subject matter of the arbitration is identical to that of this litigation; in it, Defendants seek

declaratory judgment from the Swiss Chambers that they are not liable for the claims brought by Plaintiffs in this action. (*Id.* at pp. 8 – 14.)

On February 5, 2008, the Swiss Chambers invited Defendants to "make full particulars of the parties bound to the different agreements to arbitrate and to specify which arbitration agreement Claimants invoke" as binding on the respondents. (Fellas May 5 Decl., Ex. 2.) Defendants responded to the Swiss Chambers' request on February 20, 2008, further explaining the agreements binding the Plaintiffs to arbitration. (Fellas May 5 Decl., Ex. 3.)

On March 10, 2008, the Swiss Chamber issued a decision (the "March 10 Decision") finding that three of the arbitration clauses provided in the Notice of Arbitration — the "Donation Agreement," the "Escrow Confirmation" and the "Adoption of Escrow Confirmation" — are "applicable to <u>all the parties</u> to this arbitration." (Fellas May 5 Decl., Ex. 4 at p. 2 (emphasis added).) Thus, according to the Swiss Chambers every party to this litigation is bound by at least one arbitration agreement.

*The Removal*

After the March 10 decision from the Swiss Chambers, on March 18, 2008 Defendants removed this action to the United States District Court for the Southern District of New York pursuant to the Federal Arbitration Act, 9 U.S.C. § 205, and 28 U.S.C. § 1446. At the time of removal, the state court had not yet reached any decision on Defendants' Motion to Dismiss. Plaintiffs filed their Motion to Remand on April 17, 2008. Plaintiffs rely on various grounds to argue for remand. Each is without merit. Because Plaintiffs' challenge to this Court's subject matter jurisdiction is a threshold issue that logically ought to be addressed first, we address it first below.

## Argument

### I.    This Court Has Subject Matter Jurisdiction Under The FAA.

#### A.    The Jurisdictional Requirements Of The FAA Are Satisfied Here.

The Federal Arbitration Act, which implements the Convention on the Recognition and Enforcement of Arbitral Awards of June 10, 1958 (the "Convention"), provides for federal subject matter jurisdiction over "[a]n action or proceeding falling under the Convention." 9 U.S.C. § 203. Section 205 of the FAA permits removal of state court actions where "the subject matter of an action relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205 (emphasis added). Section 205 further provides that "the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." 9 U.S.C. § 205.

An agreement to arbitrate falls under the Convention and, therefore, the FAA if: (1) there is a written agreement; (2) the writing provides for arbitration in the territory of a signatory of the convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope. 9 U.S.C. § 202; *see also Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l,* 198 F.3d 88, 92 (2d Cir. 1999).

As set forth in Defendants' Notice of Removal, these basic jurisdictional requirements are met here because this action relates to arbitration agreements falling under the Convention.[1] There is no dispute as to the existence of written arbitration agreements. Plaintiffs' allegations involve a relationship among Defendants and Plaintiffs concerning foreign charitable trusts. The parties entered into various

---

[1]    Plaintiffs do not dispute that the second, third and fourth jurisdictional requirements of the Convention are satisfied. Nor could they. *See* Notice of Removal ¶¶ 6-8.

agreements in order to further the purposes of the trusts. These agreements contain arbitration clauses calling for arbitration in Switzerland.

For example, one such agreement — the Donation Agreement — contains an arbitration clause which (with emphasis added) provides as follows:

> **All relationships of our family, the trusts (including trustees, protectors and beneficiaries) and its various entities with the officers and directors of the entities** as well as with the foundation are subject to Swiss Law. All successors of these persons and entities are bound by this agreement. Exclusive Jurisdiction falls to arbitration in Zurich, according to the rules of the Zurich Chambers of Commerce including the mandatory submission to its Mini Trial. The parties expressly waive the right of appeal.

(Fellas March 25 Decl., Ex. 1 (emphasis added).) It is clear that Plaintiffs — each of whom asserts claims concerning misappropriation of trust assets — are subject to the Donation Agreement as either trustees, protectors, beneficiaries or "its various entities." Indeed, Plaintiffs' legal standing to assert their claims is derived from the Donation Agreement. The Donation Agreement forms the basis for the Trust structure and the various plaintiff trust entities, as well as the charitable donations being challenged by Plaintiffs. By its terms the Donation Agreement provides without limitation that the parties submit all issues to arbitration: "Exclusive Jurisdiction falls to arbitration in Zurich[.]" (*Id.*)

Three other contracts (collectively, the "Fiduciary Agreements") between defendant Stoffel and plaintiff Vistra Trust Company (Jersey) Limited ("Vistra")[2] contain an arbitration provision that provides as follows:

> This Agreement is exclusively subject to SWISS LAW. In the event of a dispute between the parties in connection with this

---

2    The Fiduciary Agreements are between Stoffel and Chiltern Trust Company (Jersey) Limited; the latter being, as acknowledged by Plaintiffs, the name of Vistra prior to November 1, 2006. (Compl. ¶ 2.)

> Agreement the parties will submit to the arbitration proceeding according to the rules of the Swiss Code on International Private Law, the place of arbitration being ZURICH.

(Fellas March 25 Decl., Exs. 4, 5 & 6.)

In their complaint, Plaintiffs explicitly rely on the Fiduciary Agreements to support their allegations against Defendants. Thus Plaintiffs allege that "[t]he effect of the nominee agreements, coupled with Stoffel's appointment as the Irish companies' attorney and certain 'Fiduciary Agreements' which Stoffel entered into with Vistra in January 1999, was that Stoffel could act only on instructions from Vistra with respect to the Swiss and Irish Companies." (Compl. ¶ 26.) It is clear that Plaintiffs' claims of, *inter alia*, breach of fiduciary duty and misappropriation of trust assets (Compl. ¶¶ 65-116), relate to the Fiduciary Agreements, which by their terms cover "unlawful behavior" and "gross negligence."

There are several other agreements that bind the Plaintiffs to arbitration:

- The Escrow Confirmation Agreement which binds plaintiffs Maytown Universal S.A. and Plympton Universal S.A. (as the successors to the Escrow Agent, Madison Corporate Development Ltd.) provides that "[i]n cases of disputes an arbitration tribunal is to be set up according to the rules of the Zurich Chambers of Commerce and the seat of the arbitral tribunal shall be Zurich/Switzerland." (Fellas March 25 Decl., Ex. 2.) Like the Donation Agreement, the Escrow Confirmation Agreement provides that all disputes between the parties, without limitation, shall be submitted to arbitration.

- The Adoption of Escrow Confirmation Agreement which binds plaintiffs Maytown Universal S.A. and Plympton Universal S.A., and explicitly states that funds deposited with plaintiffs Colleen Investment LLC and Logany LCC are subject to the Agreement and provides that "[d]isputes under this Agreement are subject to arbitration according to the rules of the Zurich Chamber of Commerce, the seat of the arbitration tribunal being Zurich/Switzerland." (Fellas March 25 Decl., Ex. 3.)

- The Employment Agreement between Stoffel and plaintiffs Colleen Investment AG, Colleen Investment LLC, and Logany LLC and which binds Maytown Universal SA and Plympton Universal SA, Alsam

8

Holding AG, Logany Equity AG, Clarick AG, Penny Asset AG and Vierwaldstatter Beteiligungen AG. The Employment Agreement provides that "[a]ny claim or controversy that arises out of or relates to this agreement, or breach of it, shall be settled exclusively by arbitration in accordance with the rules of the Zurich Chambers of Commerce." (Fellas March 25 Decl., Ex. 7.) On its face, the Employment Agreement is not limited to claims for breach of the Employment Agreement, but also encompasses claims arising from Stoffel's activities in the course of his employment by Plaintiffs, such as those claims asserted by Plaintiffs here.

- The two Trust Agreements which concern Stoffel's activities as trustee, fiduciary shareholder and member of the board of directors of plaintiffs Alsam Holding AG, Colleen Investment AG and Penny Asset AG, Logany Equity AG, Clarick AG, and Vierwaldstatter Beteiligungen AG. The Trust Agreements address Stoffel's duty to apply his "moral standards and the rules of professional and social standing," and "unlawful behavior" or "gross negligence." The Trust Agreements on their face relate to Plaintiffs' claims of Stoffel's unlawful behavior. The Trust Agreements provide that "in the event of a dispute between the parties in connection with this Agreement the parties will submit to the arbitration proceeding according to the rules of the Zurich Chamber of Commerce." (Fellas March 25 Decl., Exs. 8 & 9.)

Based on these arbitration agreements, and others, Defendants commenced the arbitration in Switzerland and moved in the state court to dismiss the complaint in favor of the Swiss arbitration. In their papers submitted to the state court on the motion to dismiss, Plaintiffs concede that the Convention applies to this action. *See* Notice of Removal, Ex. 5 (Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss, at p. 19 ("Under the Federal Arbitration Act [] and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards . . . this Court has exclusive jurisdiction to determine 'whether the parties agreed to arbitrate and if so, whether the scope of that agreement encompasses the asserted claims.'")). And, as set forth in Defendants' Supplemental Memorandum of Law dated March 25, 2008, the Swiss Chambers has made the preliminary determination that it has jurisdiction over the Swiss arbitration and

9

that Plaintiffs are bound to arbitrate this dispute based on the Donation Agreement and the Escrow Confirmation Agreements.

In light of this, as well as Plaintiffs' explicit reliance on the Fiduciary Agreements in their complaint, and Plaintiffs' acknowledgement that the Convention applies here, this case clearly "relates to" an arbitration agreement falling within the Convention.

B.    Plaintiffs Conflate The Issue Of Jurisdiction Under The FAA With The Merits Of Whether Their Claims Are Arbitrable.

Unable to dispute that the basic jurisdictional elements of the Convention are satisfied, Plaintiffs instead seek remand because they disagree that they are bound by these arbitration agreements and that their claims fall within the scope of these agreements. (Plaintiffs' Memorandum of Law In Support of Their Motion to Remand ("Pls.' Br.") at 16-22.) However, this argument improperly conflates the question of subject matter jurisdiction under the Convention and the FAA with Plaintiffs' view of the merits of Defendants' motion to dismiss. All that the FAA requires for subject matter jurisdiction is that the action "relates to" an agreement falling within the Convention; the fact that Plaintiffs may dispute that they are bound by such agreement is irrelevant to the question of whether this Court has subject matter jurisdiction.

The Second Circuit in *Sarhank v. Oracle Corp.*, 404 F.3d 657, 660 (2d Cir. 2005) squarely rejected the exact argument advanced by Plaintiffs here: that "the district court lacked subject matter jurisdiction [under the FAA, 9 U.S.C. § 203,] in the absence of a signed written arbitration agreement between the parties." There, the dispute before the court concerned whether respondent Oracle Corp. was legally bound to arbitrate by a contract entered into between petitioner Sarhank and a *subsidiary* of Oracle.

10

Oracle argued that the district court lacked subject matter jurisdiction in the absence of a signed written arbitration agreement between Sarhank and itself. The Second Circuit rejected this, stating "Oracle's argument depends entirely upon its view of the merits of the case, and therefore does not involve a lack of subject matter jurisdiction . . . ." 404 F.3d at 660. The court explained that "[w]hen a party challenges the court's subject matter jurisdiction based upon the merits of the case," such as by disputing whether it is bound by an arbitration agreement it did not itself sign, "that party is merely arguing that the adversary has failed to state a claim ... [and] [t]he court has and must assume subject matter jurisdiction and hear the merits of the case." *Id.* Thus, once it has been asserted that a written arbitration agreement exists — even if it there is a dispute as to whether it is binding on the parties to the litigation — the jurisdictional element of the FAA is satisfied.

The Second Circuit's holding in *Sarhank* is consistent with other federal courts that have denied motions to remand where, as here, the defendant asserts a defense based on an arbitration agreement and the plaintiff disputes that it is bound by the arbitration agreement or that its claims fall within the scope of the arbitration agreement. *Beiser v. Weyler* is on point. 284 F.3d 665, 667 (5th Cir. 2002). There, the Fifth Circuit examined the propriety of section 205 removal over a state court action asserting state tort claims only. The defendant removed and moved to compel arbitration. The plaintiff moved to remand arguing that he was not a party to the arbitration agreement at issue. The court rejected the plaintiff's argument as "frontloading a merits inquiry into the district court's examination of its jurisdiction" and "conflat[ing] the jurisdictional and merits inquiries into a single step." *Id.* at 670. The court held that the "relates to"

11

language in section 205 contemplates "easy removal" and, thus, applied where a defendant raises arbitration as a defense to an action, notwithstanding the plaintiff's claim that it was not bound under the agreement. *Id.* at 674. The court stated:

> [W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement "relates to" the plaintiff's suit. Thus, the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of "relates to."

*Id.* at 669 (emphasis added). The court further noted that section 205 "directs us to treat such defenses the same way we treat offensive claims. That is, just as we determine whether a plaintiff's claim arises under federal law from the complaint alone, the statute directs us to determine whether a defendant's defense arises under federal law from the 'petition for removal' alone." *Id.* at 671. Because the petition for removal demonstrated that an arbitration agreement could "conceivably" present a defense to the plaintiff's tort claims, the court held that removal was proper and denied remand.

Courts in this district have similarly held that section 205 of the FAA permits removal based on a defense premised on an arbitration agreement, even where the plaintiff disputes its applicability. *See Banco de Santander Central Hispano v. Consalvi Int'l Inc.*, 425 F. Supp. 2d 421, 430 (S.D.N.Y. 2006) (following the Fifth Circuit's decision in *Beiser* and holding that "Congress expressly granted removal jurisdiction to a class of state-court actions . . . containing state claims only . . . so long as defendants could articulate a 'federal defense' 'related to' the Convention"); *Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 334, 349, 363 (S.D.N.Y. 2005)

12

(denying remand and noting "[t]he fact that Plaintiffs dispute the existence of any "arbitration agreement" between the parties is irrelevant to the question of subject matter jurisdiction under the Convention[.]"); *Intertec Contracting v. Turner Steiner Int'l*, No. 98 cv 9116 (CSH), 2000 WL 709004 (S.D.N.Y. May 31, 2000) (*sua sponte* determining removal of state court action under 9 U.S.C. § 205 was proper where defendant moved to compel arbitration and plaintiff disputed it was bound by arbitration agreement between defendant and third-party); *Dale Metals Corp. v. Kiwa Chem. Indus. Co.*, 442 F. Supp. 78, 80, 81 n. 1 (S.D.N.Y. 1977) (denying motion to remand where several parties were not subject to arbitration agreement).

The two California cases on which Plaintiffs rely addressed the merits of the arbitrability issue before determining jurisdiction, contrary to the Second Circuit's directive in *Sarhank*. (Pls.' Br. at 16-17 (citing *AtGamesHoldings Ltd v. Radica Games Ltd*. 394 F. Supp. 2d 1252, 1255 (C.D. Cal. 2005) (remanding where it was undisputed, unlike here, that the plaintiff was not bound to any arbitration agreement ); *Global SantaFe Drilling Co. v. Insur. Co. of State of Pa.*, No. C 05-4411 (CW), 2006 WL 13090 (N.D. Cal. Jan. 3, 2006).) As the Second Circuit noted in *Sarhank*, "cases confusing [jurisdiction and merits] are frequently found in the reports." 404 F.3d at 660.

While Plaintiffs may dispute that they are bound to arbitrate their claims, that is merely a challenge to the merits of the motion to dismiss, and not an issue that deprives this Court of subject matter jurisdiction under the Convention. *Sarhank*, 404 F.3d at 600; *Ecuador v. Chevron Texaco Corp.*, 376 F. Supp. 2d at 349, 363. Because this case "relates to" at least one agreement to arbitrate falling within the Convention, this

Court has subject matter jurisdiction and Plaintiffs' attempt to seek remand by

challenging this Court's jurisdiction is without merit.

C.    Plaintiffs' Claims Are Subject To Arbitration.

Plaintiffs are also incorrect in their merits-based assertion that their claims

are not arbitrable.  Because this argument is not relevant to the issue of jurisdiction

presented on this motion to remand, Defendants respectfully refer the Court to its

Memorandum of Law In Support of Motion To Dismiss, Memorandum of Law In Further

Support of Motion To Dismiss, and Supplemental Memorandum of Law.  As set forth

therein:

- The issue of arbitrability is one for the Swiss tribunal and not the Court. Plaintiffs' reliance on *Motorola Credit Corp v. Uzan*, 388 F.3d 39, 51 (2d Cir. 2004) is misplaced. (Pls.' Br. at 18.)  In *Uzan*, the Second Circuit held that the court properly decided the issue of arbitrability where a nonsignatory sought to compel arbitration against a signatory because Swiss law did not permit nonsignatories to invoke arbitration agreements. The Court specifically acknowledged that Swiss law permitted signatories to arbitration agreements (such as Stoffel) to compel arbitration against non-signatories (as Plaintiffs purport themselves to be).

- Plaintiffs are bound under the arbitration agreements as trust entities under the Donation Agreement, signatories to the various arbitration agreements governing the relationships between the parties, or under Swiss law which binds non-signatories to arbitration agreements under certain circumstances.  That these agreements bind Plaintiffs is confirmed by the March 10 Decision of the Swiss Chambers finding there was *prima facie* jurisdiction over all the Plaintiffs here with respect to the pending Swiss Arbitration.  *See Global Gold Mining v. Robinson*, 533 F. Supp. 2d 442, 446 (S.D.N.Y. 2008) (where the ICC Rules "call for the ICC Court to make a determination, those rules are to be followed, and that determination respected.").

- Plaintiffs' claims fall within the broad scope of (i) the Donation Agreement and the Escrow Confirmation Agreement which require arbitration of all claims without limitation, (ii) the Trust Agreements and Fiduciary Agreements, which address "unlawful behavior" and "gross negligence," and (iii) the Employment Agreement which covers disputes arising out of Stoffel's employment.  Plaintiffs' claims of misappropriation of trust assets and breach of fiduciary duties during the

14

course of Dr. Stoffel's employment with Plaintiffs on their face "touch matters covered" in these agreements. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 622 n. 9, 625 n. 13 (1985) ("The question is not whether the arbitration clause mentions ... any ... particular cause of action, but whether the factual allegations underlying [the parties' claims and defenses] are within the scope of the arbitration clause, whatever the legal labels attached to those allegations.").

## II.    The Consent Of Albe And Bluecolt Is Not Required.

Plaintiffs' argument that remand is required because Defendants Bluecolt and Albe did not consent to removal fails for three reasons: (1) Plaintiffs never properly served these Defendants; (2) Albe and Bluecolt are, by Plaintiffs' own allegations, nominal parties whose consent is not required; and (3) unanimity of consent is not required under the FAA which favors liberal removal and broad jurisdiction in actions relating to an arbitration agreement arising under the Convention.

### A.    Plaintiffs Never Properly Served Albe And Bluecolt.

Plaintiffs allege that Albe and Bluecolt are British Virgin Islands and Panamanian companies, respectively. (Compl. ¶¶ 14, 15.) And, at the time they prepared the summons, Plaintiffs identified Albe and Bluecolt to have an address in Switzerland, not Stoffel's address as they claim now. The summons states as follows:

Defendants' Addresses:

Dr. Marco Stoffel
340 W. 12th Street
New York, New York 10014

Albe Associates Limited
c/o Orconsult S.A.
Wenigstrasse 7
Postfach, CH-8026
Zurich, Switzerland

Bluecolt Securities Corporation
c/o Orconsult S.A.
Wenigstrasse 7
Postfach, CH-8026
Zurich, Switzerland

Lauramca Holdings LLC
340 W. 12th Street
New York, New York 10014

15

(Notice of Removal, Ex. 1.) Thus, when they filed this action, Plaintiffs specified that the summons to Albe and Bluecolt would be served on them "c/o Orconsult S.A" in Switzerland," and *not* "c/o Stoffel" in New York. Yet, Plaintiffs offer no evidence that they attempted to effect service on these foreign companies by service on Orcosult SA in Switzerland. Not do they offer any evidence that they attempted to serve Albe or Bluecolt at what they allege in the complaint to be their place of incorporation, the British Virgin Islands or Panama. Rather, instead of trying to serve these entities directly, they now claim that somehow their service on Stoffel effectively constituted service on these two foreign Defendants.

But this claim is not only inconsistent with Plaintiffs' summons that identifies these entities as having an address "c/o Orconsult" in Switzerland, but it is also undermined by their affidavit of service. The affidavit of service relied on by Plaintiffs confirms service was effected "by hand, to Defendant Dr. Marco Stoffel," not to either Albe or Bluecolt. (Declaration of Scott Balber in Support of Motion to Remand dated April 17, 2008 ("Balber Decl."), Ex. 1.) Nowhere are Albe or Blucolt mentioned in that affidavit of service. Nor have Plaintiffs submitted any affidavit attesting to service on these two Defendants. The reason why is clear; Plaintiffs never effected proper service on these entities. Plaintiffs are seeking millions of dollars in damages from Bluecolt and Albe, and have the responsibility to effectuate proper service. Rather than relying on a speculative theory of control by Stoffel, there was nothing preventing them from trying to effectuate service on those entities properly, by serving them in the British Virgin Islands or Panama, or even indirectly c/o Orconsult in Switzerland, through the appropriate convention. Yet, they try to support their motion to remand by claiming for the first time

16

that delivery of the papers to Stoffel for the purposes of serving *him* also constitutes service on Albe and Bluecolt. This argument is of no assistance to Plaintiffs.

First, regardless of the relationship between Stoffel and Albe and Bluecolt, service solely on Stoffel is not sufficient under CPLR § 311 to effectuate service on these two corporate Defendants. In order to effectuate service on Albe and Bluecolt pursuant to CPLR § 311, Plaintiffs were required to serve Stoffel with separate copies of process for each of the two entities. *See Raschel v. Rish*, 120 A.D.2d 945, 945 (4th Dep't 1986), *aff'd en banc*, 69 N.Y.2d 694, 512 N.Y.S.2d 22 (1986) ("service of a single summons" on a person claimed to be both a corporate representative and an individual defendant was insufficient to effectuate service on the corporate defendant because "[a] copy of process for each defendant is vital to accomplish the statutory aim of affording notice of the impending action.") *Accord Ruffolo v. Oppenheimer & Co., Inc.,* No. 90 cv 4593 (SWK), 1992 WL 232084 (S.D.N.Y. Sept. 1, 1992) ("[a] copy of process for each defendant" was required to effectuate service, despite claim two defendants were "united in interest"). Plaintiffs fail to profeer any evidence showing that they did so. *See also* Declaration of Dr. Marco Stoffel dated May 5, 2008 ("Stoffel May 5 Decl."), ¶ 13. Accordingly, Albe and Bluecolt were not properly served by Plaintiffs' own allegations, and their consent was not required for removal of this action. *See Matthews Metals Prods., Inc. v. RBM Precision Metals Prods., Inc.*, 186 F.R.D. 581, 582 (N.D. Cal. 1999) (where defendant was purportedly served both as an individual and on behalf of a corporation, service of process directed to corporation did not effectuate service on defendant as individual and individual was therefore not required to join the corporation's removal; remand granted on other grounds).

17

Second, as set forth in the Declaration of Dr. Marco Stoffel, he does not control Albe and Bluecolt. (Stoffel May 5 Decl., *generally*.) The shares of these two entities are held by the Albeag Foundation, a Lichtenstein foundation which is controlled a group of four Trustees. *Id.* at ¶¶ 5-6.

Third, even if Plaintiffs were correct that Stoffel so controls both Albe and Bluecolt, such that delivery to the former constitutes proper service, this does not provide a basis to remand the case. *See* Pls.' Br. at 8 (asserting that remand is required due to "Stoffel's litigation tactic of declining to cause Albe and Bluecolt to consent to removal[.]"). Accepting Plaintiffs' argument that Albe and Bluecolt are controlled by Stoffel and that Stoffel has the authority to consent to remove (but, according to Plaintiffs, has declined to do so as a "litigation tactic"), he hereby consents to removal on their behalf. Either way, the court does not have to resolve the issue of whether Stoffel controls those entities for the purposes of this motion to remand. In either situation, remand is not appropriate.

B.    Albe And Bluecolt Are Nominal Defendants Which Need Not Consent To Removal.

Putting aside the issue of whether Albe and Bluecolt were properly served, remand is not appropriate for a different reason; nominal defendants need not consent to removal. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991); *McKay v. Point Shipping Corp.*, 587 F. Supp. 41, 42 n. 8 (S.D.N.Y. 1984). A nominal party includes a shell company or one "with no assets or one that does not actively engage in business." *Johnson v. Nutrex Research, Inc.,* 429 F. Supp. 2d 723, 727 n. 2 (D.Md. 2006); *see also Mayes v. Moore,* 367 F. Supp. 2d 919 (M.D.N.C. 2005) (consent of shell company not required);

18

*Stoneybrook Tenants Ass'n, Inc. v. Alpert,* 194 F.Supp. 552 (D. Conn. 1961) (shell

corporations that were only tangential parties to underlying agreement and were unable to

respond in damages held nominal parties). By Plaintiffs' own allegations, Albe and

Bluecolt are "shell" companies wholly owned and controlled by Stoffel (Pls.' Br. at 11),

and, therefore, are the very sort of nominal defendants whose consent to removal is not

required.

      C.      Unanimity Of Consent Is Not Required For Removal Under Section 205
             Of The FAA.

      Finally, remand is also not warranted because requiring unanimity in

actions removed under section 205 would undermine the goals of the Convention.

Liberal removal is permitted in order "to channel [Convention Act] cases . . . away from

the state courts and into federal courts," and to unify the standard by which the

agreements to arbitrate are observed. *McDermott Int'l Inc. v. Lloyds Underwriters of*

*London*, 944 F.2d 1199, 1212 (5th Cir. 1991); *Scherk v. Alberto-Culver Co.*, 417 U.S.

506, 520 n.15 (1974). "The rule of narrowly construing removal statutes . . . clearly

should not apply to removal under the Convention. While such a narrow approach is

mandatory under the general removal statute, 28 USC § 1441, it does not apply to

removal under the Convention." *Acosta v. Master Maint. & Constr., Inc.*, 52 F. Supp. 2d

699, 705, 708-09 (M.D. La. 1999). *Cf. Varela v. Flintlock Constr., Inc.*, 148 F. Supp. 2d

297, 299 (S.D.N.Y. 2001) (noting removal procedures such as first-served defendant rule

were developed to *limit* federal court jurisdiction in those instances where removal was

based on the narrow jurisdiction of 28 U.S.C. § 1441).

      When removal is based on statutes in which federal jurisdiction is broadly

granted, courts have found that unanimity is not required. *Acosta*, 52 F. Supp. 2d at 708-

09 (consent not required under section 205); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980) (consent not required under the Foreign Sovereign Immunities Act); *Ely Valley Mines, Inc. v. Hartford Accident and Indemnity Co.*, 644 F.2d 1310, 1341-42 (9th Cir. 1981) (consent not required in 28 U.S.C. § 1442 removed actions against officers of the U.S., *inter alia* because unilateral removal "rests upon far stronger considerations of policy" than exists in 28 U.S.C. § 1441 removed actions). In holding that unanimity of consent was not required in removal under section 205, the court in *Acosta* reasoned that when a party enters into an agreement to arbitrate and the parties are subject to the jurisdiction of U.S. courts, the benefit of the Convention is implicit in the agreement. *Acosta*, 52 F. Supp. 2d at 708-09. "To condition the foreign [party's] access to the uniform body of federal law upon the whim of unknown and unknowable future party defendants is to completely thwart the very purposes of the Convention Act."[3] *Id*. at 709.

## III.    Defendants Have Complied With Local Rule 81.1.

Plaintiffs are wrong in their assertion that Defendants did not comply with Local Rule 81.1. Stoffel and Lauramca removed this action on March 18, 2008. Local Rule 81.1 requires that within 20 days thereafter the removing party must file "a copy of all records and proceedings in the state court." (Emphasis added.) On April 1, 2008, Defendants did just that; counsel obtained the file from the state court clerk's office, and the following day (within 15 days after removal of the case) uploaded the file to the Court's Electronic Case Filing System ("ECF"). (Docket Entry No. 11.) The state court

---

3    The sole case relied on by Plaintiffs, *Employers Ins. Of Wausau v. Certain Underwriters at Lloyd's, London*, 787 F. Supp. 165, 167-68 (W.D. Wisc. 1992), fails to credit the preference for federal jurisdiction over Convention Act cases.

record provided by the state court clerk's office was incomplete.   Therefore, counsel

assembled the remainder of the record from their own file copy.   Because uploading the

complete record on ECF was impracticable, counsel, after conferring with the SDNY's

clerks' office, determined that the appropriate procedure was to submit a letter request to

the Court seeking leave to submit a hard copy of the remaining file.[4]

   Even if Defendants' provision of the state court record were not in

technical compliance with Local Rule 81.1, remand would only waste the parties' and the

courts' resources.   Defendants' removal is not constrained by the thirty day time limit of

28 U.S.C. § 1446(b).   Because 9 U.S.C. § 205 allows removal "at any time before the

trial," nothing prevent Defendants from curing any supposed technical defect and

removing again.[5]

   In any case, the Second Circuit has made clear that a failure to comply

with a local rule does not require remand, since such a defect would not be jurisdictional.

*See Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1048-49 (2d Cir. 1991) (the

court had discretion to overlook noncompliance with local rule in notice of removal);

---

4 28 U.S.C. § 1447(b) clearly contemplates that the state court record will not always be available to the removing party.  Thus, it provides that the court "may require the removing party to file with its clerk copies of all records and proceedings in such State court <u>or may cause the same to be brought before it by writ of certiorari issued to such State court</u>."  Plaintiffs' suggestion that Defendants somehow were required to direct Judge Lowe to release his copies of the state court record is absurd. (Pls.' Br. at 15.)  Defendants were no longer before Judge Lowe and, in any case, had no authority to instruct him to provide the file, where even the state clerk's office had not obtained such documents.

5 All the cases cited by Plaintiffs involve 28 U.S.C. § 1441 removed actions where the defendant's one chance at removal had passed, and thus a defect in the removal procedure could not be cured.  Additionally, none involved a good faith effort to comply with the rule.  *See, e.g., Bagnato v. The Home Depot*, No. 03-CV-0789E(SC), 2004 WL 625270 (W.D.N.Y. Jan. 15, 2004) (remanding where plaintiff "did not even attempt [compliance]" with local rule, but rather only served pleadings and processes pursuant to 28 U.S.C. § 1446(a)); *Fast Pro Intern., Inc. v. Great Plains Software O.C., Inc.*, No. 01-2082, 2001 WL 395287, at *1 (D. Kan. Apr. 10, 2001) (involving failure to procure <u>any</u> portion of record as required by local rule); *Cury v. Royal Palm Sav. Ass'n*, 713 F.Supp. 388, 388 (S.D. Fla. 1989) (involving failure to comply with 28 U.S.C. § 1446(a)); *Patel v. Moore*, 968 F. Supp. 587, 590 (D. Kan. 1997) (involving no effort to file within twenty day period); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (involving the running of time for removal under 28 U.S.C. § 1446(b)).

21

*Fulfree v. Manchester*, 182 F.3d 899, 1999 WL 385753, slip op. at *2-3 (2d Cir. June 7, 1999) (the court has the discretion to excuse noncompliance with Rule 81.1(a)).[6] Courts have, thus, excused defects in filing of a state court record after removal where the record was unavailable from the clerk's office. *See, e.g., Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. 02-2435-CM, 2003 WL 21313957, at *7 (D. Kan. May 23, 2003) (finding that where defendants were hindered by delay in clerk's office, noncompliance with the local filing rule was excusable). Here too, to the extent this Court finds Defendants did not fully comply with Rule 81.1, discretionary waiver of that rule is warranted.

## IV.    Stoffel Has Not Waived His Right To Arbitrate.

Plaintiffs contend that remand is required because Stoffel has purportedly waived his right to arbitrate Plaintiffs' claims in *this* action by participating in litigation in *other* actions. This argument is of no assistance to Plaintiffs. The issue of waiver of arbitration is not jurisdictional; it is a merits-based defense that would only be relevant to Stoffel's motion to dismiss in favor of arbitration. This court would necessarily exercise jurisdiction in order to address the issue of waiver. *See Sarhank*, 404 F.3d at 600; *Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 334, 349, 363 (S.D.N.Y. 2005) (exercising jurisdiction under Convention before determining issue of waiver). *Cf. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (noting that waiver is a defense to arbitrability). It is not surprising, therefore, that none of the cases on which Plaintiffs rely involved either remand on the basis of waiver of

---

6    Plaintiffs' attempt to distinguish *Fulfree* on the grounds that it involved a different provision of Local Rule 81.1 is not persuasive. The import of both *Somlyo* and *Fulfree* is that it is proper for the court to excuse noncompliance with local rules in removals because such local rules are not statutory.

arbitration or any consideration at all of the courts' jurisdiction due to waiver of arbitration. (Pls.' Br. at 22-23.) To the extent that waiver would provide a defense to Defendants' motion to dismiss in favor of arbitration, Plaintiffs have themselves waived this defense by failing to raise it in their opposition to dismissal.

Moreover, case law is clear that the issue of waiver is a defense to be determined by the arbitrators, not the Court. *See World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362 (2d Cir. 1965); *Bell v. Cedant Corp.*, 293 F.3d 563 (2d Cir. 2002). Plaintiffs rely on *S&R Co v. Kingston v. Latona*, 159 F.3d at 81 (Pls.' Br. at 22-23), but there the court held that it could decide the issue of waiver because the party invoking the arbitration clause had engaged in extensive litigation with respect to *that same dispute.*

In any case, Plaintiffs have not met their heavy burden of showing waiver. *See Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985) (waiver of arbitration "is not to be lightly inferred.") "[O]nly prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 133 (2d Cir. 1997); *accord PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 105 (2d Cir. 1997) (plaintiff waived his right to arbitrate by litigating a prior action in which it "sought nearly identical relief.")

In *this case*, Defendants have moved to dismiss this action on the ground that the claims asserted in it are arbitrable and have commenced an arbitration based on these claims. That hardly constitutes waiver. And Plaintiffs' reliance on *other cases* to claim that Defendants have waived the right to arbitrate in this case is nonsensical. Plaintiffs concede that they are not parties to three of those actions (the Massachusetts,

Switzerland and New York actions, Pls.' Br. at 6-7) and the legal issues raised in all the

other actions are completely different than those raised by Plaintiffs here (*id.*). *See*

*Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (no waiver

when prior litigation was brought by a separate party and involved "legally distinct

claims"). The Delaware action, to which only three of the plaintiffs are parties, did not

involve the same claims as here, but instead sought to require Stoffel to turn over certain

books and records and declaratory relief concerning Stoffel's position as director of the

plaintiff LLCs. (Fellas May 5 Decl., Ex. 5 & 6.) In his answer to the Delaware

complaint, Stoffel specifically asserted as his eighth affirmative defense that the claims

there were subject to arbitration. (Fellas May 5 Decl., Ex. 7.) *See Sweater Bee by Banff,*

*Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457 (2d Cir. 1985) (no waiver where arbitration

raised as affirmative defense in answer). In contrast, in the cases on which Plaintiffs rely,

the parties seeking to invoke arbitration there had engaged in extensive litigation without

asserting the affirmative defense of arbitration in their answer. *See PPG v. Webster Auto*

*Parts*, 128 F.3d at 106 ("The answer contained two affirmative defenses, neither of which

mentioned arbitrability."); *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991)

(same); *Com-Tech Assoc. v. Computer Assoc.*, 938 F.2d 1574, 1576 (2d Cir. 1991)

(same).[7]

---

[7]    Plaintiffs' claim that they were prejudiced by discovery purportedly obtained by Stoffel is
disingenuous, to put it mildly. (Pls.' Br. at 23-24.) The 27 boxes of documents which Plaintiffs
produced to Stoffel in the Delaware action were, by plaintiffs own allegations, plaintiffs' business
records which Stoffel originally possessed and which plaintiffs obtained through the court proceeding.
(Balber Decl. Ex. 42, pp. 1-2.) And, while Plaintiffs complain that Stoffel sought 8 commissions for
depositions, they fail to mention that the Delaware court did not grant Stoffel any commissions for out
of state subpoenas. (Fellas May 5 Decl., Ex. 8.) *See Rush v. Oppenheimer*, 779 F.2d 885, 888 (finding
no waiver of arbitration in absence of prejudice, despite eight months of pretrial proceedings including
discovery); *Shearson Lehman Hutton v. Wagoner*, 944 F.2d at 122 (holding there was no waiver even
though defendant did not raise arbitration after knowing about his rights for three years).

## Conclusion

For the foregoing reasons, Defendants Stoffel and Lauramca respectfully request that the Court deny Plaintiffs' motion to remand and motion to pay Plaintiffs' costs and attorneys' fees.

Dated May 5, 2008.

HUGHES HUBBARD & REED LLP

By: _____

John Fellas
Hagit Elul

One Battery Park Plaza
New York, New York 10004
(212) 837-6000
fellas@hugheshubbard.com

*Attorney for Defendants Dr. Marco
Stoffel and Lauramca Holdings, L.L.C.*

60278908_1

25

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Defendants' Opposition to Plaintiffs' Motion to Remand; the Declaration of John Fellas, Esq. in Support Thereof, with accompanying exhibits; and the Declaration of Dr. Marco Stoffel in Support Thereof, with accompanying exhibits, to be served by First Class Mail and by electronic means via ECF to the following:

Scott Balber, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112

Martin Murray, Esq.
475 Park Avenue South
25th Floor
New York, NY 10016
*Attorneys for Plaintiffs*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 5, 2008
       New York, New York

_____
Hagit Elul