UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY) LIMITED AS
TRUSTEE OF THE ALSAM, COLLEEN, AND
LOGANY SETTLEMENTS,  COLLEEN
INVESTMENT AG, ALSAM HOLDING AG, PENNY
ASSET AG, LOGANY EQUITY AG,
VIERWALDSTATTER BETEILIGUNGEN AG,
CLARICK AG, COLLEEN INVESTMENT, L.L.C.,
LOGANY, L.L.C., and WILLIAM R. TACON,
RECEIVER AND MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND PLYMPTON
UNIVERSAL SA,

                                        Plaintiffs,

                        -against-

DR. MARCO STOFFEL, ALBE ASSOCIATES
LIMITED, BLUECOLT SECURITIES
CORPORATION, LAURAMCA HOLDINGS, L.L.C.,
and JOHN DOES 1-10,

                                  Defendants.

---

Case No. 08 CV 02844

 

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO REMAND

CHADBOURNE & PARKE LLP
Attorneys for Plaintiffs
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5100

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT........................................................................................................................1

    I        THIS ACTION SHOULD BE REMANDED BECAUSE ALBE AND BLUECOLT WERE PROPERLY SERVED BUT HAVE NOT CONSENTED TO REMOVAL ..........................................................1

    II      THIS ACTION SHOULD BE REMANDED BECAUSE DEFENDANTS HAVE NOT COMPLIED WITH LOCAL RULE 81.1 ......................................................................................................5

    III    PLAINTIFFS' CLAIMS DO NOT RELATE TO ANY ARBITRATION AGREEMENT................................................6

            A    Removal Was Improper Unless Plaintiffs' Claims Are Arbitrable ......................................................................................7

            B    Plaintiffs' Claims Are Not Subject To Arbitration.........................8

            C    Stoffel Has Waived Any Purported Right To Arbitration...............9

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Acosta v. Master Maint. & Constr., Inc.,
  52 F. Supp. 2d 699 (M.D. La. 1999) ...........................................................................4

Banco de Santander Central Hispano v. Consalvi Int'l Inc.,
  425 F. Supp. 2d 421 (S.D.N.Y. 2006) .........................................................................8

Beiser v. Weyler,
  284 F.3d 665 (5th Cir. 2002) .......................................................................................8

Bell v. Cendant Corp.,
  293 F.3d 563 (2d Cir. 2002) .......................................................................................10

Bell v. Norfolk S. R.R.,
  No. 94-2442, 1995 U.S. Dist. LEXIS 2554 (D. Kan. Jan. 30, 1995) ...........................6

Employers Ins. of Wausau v. Certain Underwriters at Lloyd's,
  787 F. Supp. 165 (W.D. Wis. 1992) .........................................................................4, 6

Fastpro Int'l, Inc. v. Great Plains Software O.C., Inc.,
  No. 01-2082, 2001 U.S. Dist. LEXIS 5521 (D. Kan. Apr. 10, 2001)...........................6

Georgiu v. Sterling Mounting & Finishing,
  1 Fed. Appx. 47 (2d Cir. 2001)....................................................................................1

GlobalSantaFe Drilling Co. v. Ins. Co. of Pennsylvania,
  No. C 05-4411 CW, 2006 WL 13090 (N.D. Cal. Jan. 3, 2006) ...................................7

Intertec Contracting v. Turner Steiner Int'l,
  No. 98 cv 9116 (CSH), 2000 WL 709004 (S.D.N.Y. May 31, 2000) ...........................8

Mayes v. Moore,
  367 F. Supp. 2d 919 (M.D.N.C. 2005) .........................................................................4

McDermott Int'l, Inc. v. Lloyds Underwriters,
  944 F.2d 1199 (5th Cir. 1991) .....................................................................................7

Motorola Credit Corp. v. Uzan,
    388 F.3d 39 (2d Cir. 2004) ...................................................................9

Pacific Westeel Racking, Inc. v. Evanston Ins. Co.,
    No. 06 Civ. 14243, 2008 U.S. Dist. LEXIS 11053 (S.D.N.Y. Feb. 14, 2008)......... 3-4

Payne v. Overhead Door Corp.,
    172 F. Supp. 2d 475 (S.D.N.Y. 2001) ................................................... 4-5

Raschel v. Rish,
    120 A.D.2d 945 (4th Dep't 1986).............................................................2

Republic of Ecuador v. ChevronTexaco Corp.,
    376 F. Supp. 2d 334 (S.D.N.Y. 2005) ..........................................................8

Rivera v. Pioneer Futures, Inc.,
    No. 04 Civ. 4471, 2004 U.S. Dist. LEXIS 17869 (S.D.N.Y. Sept. 9, 2004) ................3

Ruffolo v. Oppenheimer & Co., Inc.,
    90 Civ. 4593, 1992 WL 232084 (S.D.N.Y. Sept. 1, 1992)...........................................2

S & R Co. of Kingston v. Latona Trucking, Inc.,
    159 F.3d 80 (2d Cir. 1998) ................................................................ 10

Sarhank Group v. Oracle Corp.,
    404 F.3d 657 (2d Cir. 2005) ..................................................................7

Stonybrook Tenants Ass'n, Inc. v. Alpert,
    194 F. Supp. 552 (D. Conn. 1961)............................................................4

Swiger v. United Valley Ins. Co.,
    Civil Action No. 1:06CV138,
    2007 WL 2752693 (N.D. W.Va. Sept. 20, 2007) ......................................................10

T.E.A. Marine Auto. Corp. v. Scaduto,
    181 A.D.2d 776 (2d Dep't 1992) ..............................................................1

## **Statutes**

9 U.S.C. § 203 (1970) ..............................................................................7

9 U.S.C. § 205 (1970) ................................................................................ 4, 7- 9

28 U.S.C. § 1446(b) (1996) .............................................................................4

28 U.S.C. § 1447(b) (1996) .............................................................................6

28 U.S.C. § 1782 (1996) ................................................................................10

N.Y. C.P.L.R. § 308(1) (McKinney 2001) ......................................................2

N.Y. C.P.L.R. § 311(a)(1) (McKinney 2001) ..................................................2

**<u>Other Authority</u>**

Siegel, N.Y. Prac. § 70 (4th ed. 2008) ............................................................1

**PRELIMINARY STATEMENT**

The Opposition of Defendants Marco Stoffel and Lauramca, L.L.C. ("Stoffel") to Plaintiffs' Motion to Remand offers no good reasons for this Court to excuse (i) Stoffel's failure to obtain the consent of all Defendants to removal, (ii) his failure to comply with this Court's rules governing removal, and (iii) the absence of any agreement to arbitrate the claims that have been removed pursuant to 9 U.S.C. § 205. This action belongs in State court, and Stoffel's substantively baseless and procedurally bungled efforts to remove it should result in this case being remanded.

**ARGUMENT**

**I**

**THIS ACTION SHOULD BE REMANDED BECAUSE ALBE AND BLUECOLT WERE PROPERLY SERVED BUT HAVE NOT CONSENTED TO REMOVAL**

Plaintiffs' service of the Summons and Complaint on Stoffel constituted effective service on Defendants Albe Associates Ltd. ("Albe") and Bluecolt Securities Corporation ("Bluecolt"), and therefore their consent to removal was required, but not obtained.

> "Under New York law, the 'general rule is that service of a single document upon an officer of a corporation constitutes service upon the corporation itself as well as upon the individual officer, provided that there has been simultaneous compliance with the statutes governing both corporations [citing N.Y. C.P.L.R. § 311] and individuals [citing N.Y. C.P.L.R. § 308].' The personal service [in this case] on [the officer] therefore effected service as well on [the corporation.]"

Georgiu v. Sterling Mounting & Finishing, 1 Fed. Appx. 47, 49 (2d Cir. 2001) (emphasis added) (quoting T.E.A. Marine Auto. Corp. v. Scaduto, 181 A.D.2d 776, 780, (2d Dep't 1992)); see also Siegel, N.Y. Prac. § 70 (4th ed. 2008) ("If the officer served . . . is also being sued individually—both the corporation and individual being named in the caption—a single service on [that officer] satisfies as commencement against both."). Here, Plaintiffs properly

served Stoffel pursuant to CPLR 308(1), which permits service upon an individual within the state, and properly served Albe and Bluecolt pursuant to CPLR 311(a)(1), which permits service upon a corporation by personally serving its officer or managing agent.[1]

Stoffel's claim that he does not control Albe and Bluecolt (Opp'n Mem. 18) is contradicted by a mountain of evidence, including his own sworn testimony.  Stoffel does not (and cannot) explain why he sent "fake" invoices that resulted in the transfer of millions of dollars of Plaintiffs' assets to Albe and Bluecolt, or why he purchased millions of dollars in cars and art with Albe and Bluecolt funds.  Instead, Stoffel asserts that he does not control these entities because they are held by the Albeag Foundation, a Lichtenstein foundation that Stoffel claims is controlled by four trustees in trust for the Third Millennium Foundation and Borderline Personality Disorder Research Foundation (the "Foundations"), both entities which are themselves controlled by Stoffel.  (Stoffel Decl. ¶ 8; Balber Decl. Ex. 18, Tr. 142:8-152:11.)  Stoffel does not deny that agreements between him and Albeag's trustees explicitly provide that Albeag and Albe will be administered on Stoffel's behalf and pursuant to

---

[1]    The cases relied upon by Stoffel are easily distinguished because the plaintiffs in those cases did not personally serve the individual defendant pursuant to CPLR § 308(1).  See Ruffolo v. Oppenheimer & Co., Inc., 90 Civ. 4593, 1992 WL 232084, **1-3 (S.D.N.Y. Sept. 1, 1992) (service of a summons on an individual other than defendant was insufficient because the summons "was not delivered to [defendant] at his actual place of business and . . . a copy of the summons and complaint was never mailed to him as required under Section 308(2)"); Raschel v. Rish, 120 A.D.2d 945 (4th Dep't 1986) (service of a summons on a corporate representative other than individual defendant was effective service on the corporation but not the individual defendant).

Stoffel's instructions. [2] (Balber Decl. Ex. 41.).  Moreover, the nominal trustees of the Albeag

Foundation have also represented that Stoffel "owned and controlled" both Albe and Bluecolt,

that they administered Albe and Bluecolt on Stoffel's instructions, and that Albe and Bluecolt

were created "on behalf of Dr. Stoffel, after he asked to be provided with a shelf company."

(Balber Decl. Exs. 35, p.2; 36, p.2; 37, p.5, ¶ 11.)

      Stoffel also does not deny that he is listed as the beneficial owner on Albe and

Bluecolt's bank account opening forms or that his last Will and Testament states that "Albe

holds my liquid moneys."  (Balber Decl. Exs. 13-15.)  Incredibly, Stoffel's explanation for

listing the Bluecolt bank account as a personal asset on a May 2007 loan application is that

such funds were a loan granted to him by the Foundations (Stoffel Decl. ¶ 12), entities which

are controlled entirely by Stoffel.

      Stoffel has also failed to satisfy his "heavy burden of persuasion" to prove that

Albe and Bluecolt are nominal defendants and therefore need not consent to removal.  Rivera

v. Pioneer Futures, Inc., No. 04 Civ. 4471, 2004 U.S. Dist. LEXIS 17869, at *6 (S.D.N.Y.

Sept. 9, 2004); Pacific Westeel Racking, Inc. v. Evanston Ins. Co., No. 06 Civ. 14243, 2008

---

[2]    Stoffel has represented that three of Albeag's trustees are representatives of Orconsult SA ("Orconsult"), the counterparty to these agreements with Stoffel.  (Stoffel Decl.   ¶ 7.)

[4]    The centrality of Albe and Bluecolt to the fraud also distinguishes this case from those cited by Stoffel.  See Mayes v. Moore, 367 F. Supp. 2d 919, 922 (M.D.N.C. 2005) (defendant was "nominal" because it "had no connection with . . . the conditions of [plaintiff's] employment," which constituted the basis for plaintiff's causes of action"); Stonybrook Tenants Ass'n, Inc. v. Alpert, 194 F. Supp. 552, 558 (D. Conn. 1961) (certain defendants were "nominal" because they had only joined an agreement with the other defendants for the "limited purpose" of disclaiming "any interest in the property" that was the subject of the lawsuit).

U.S. Dist. LEXIS 11053, at *10 (S.D.N.Y. Feb. 14, 2008) ("Plaintiffs' assertion of a valid cause of action against [defendant] is sufficient [to defeat claim that defendant is merely 'nominal'].").  Albe and Bluecolt were at the very heart of Stoffel's multimillion-dollar fraud and cannot be reasonably construed as "nominal" defendants.[4]

Finally, Stoffel's contention that unanimity of consent is not required for removal under Section 205 ignores the plain language of that provision.[5]  See, e.g., Employers Ins. of Wausau v. Certain Underwriters at Lloyd's, 787 F. Supp. 165, 165-166 (W.D. Wis. 1992) ("9 U.S.C. § 205's provision that 'the procedure for removal of causes otherwise provided by law shall apply' mandates that general removal law will govern those issues not covered specifically by § 205, which means that all respondents were required to join in the removal petition").[6]  For obvious reasons, Stoffel has sought (ineffectively) to distance himself from Albe and Bluecolt in this litigation.  The consequence of this litigation tactic is that this case should be remanded for the failure to obtain the consent of all served defendants.

---

[5]   Even if Section 205 expressed Congress's preference for federal jurisdiction generally (Opp'n Mem. 19), such a preference could not countermand Congress's explicit instruction that "the procedure for removal of causes otherwise provided by law shall apply" to removals under that Section.  9 U.S.C. § 205.  Acosta v. Master Maint. & Constr., Inc., 52 F. Supp. 2d 699 (M.D. La. 1999), is thus unpersuasive, and the other cases cited by Stoffel are inapposite, because they concern removal provisions that do not contain the same requirement that general removal procedures otherwise apply.  (Opp'n Mem. 20.)

[6]   Stoffel's assertion that he now "consents to removal on [Albe and Bluecolt's] behalf" (Opp'n Mem. 18) does nothing to remedy the fact that those entities failed to consent within the required period under 28 U.S.C. § 1446(b).  See Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 476 (S.D.N.Y. 2001) (remanding action because certain defendants did not submit written consent to removal until after the thirty-day period allotted for removal had passed).

**II**

**THIS ACTION SHOULD BE REMANDED BECAUSE DEFENDANTS HAVE NOT COMPLIED WITH LOCAL RULE 81.1**

Stoffel's claim that he complied with Local Rule 81.1 because he filed with this Court the limited universe of records available in the state court clerk's office is inconsistent with both the plain text of the rule and Stoffel's past representations to this Court. Local Rule 81.1 requires that, within 20 days of removal, the removing party file "a copy of <u>all records and proceedings in the state court</u>," not merely all files kept in the clerk's office. (Emphasis added.) Stoffel's feigned ignorance of this distinction is inconsistent with his letter to the court of April 10, 2008, <u>after</u> the 20 day period had run, which acknowledged that his filing "did not include all the records and proceedings filed by the parties in the state court action." (Balber Decl. Ex. 39.)

Stoffel's suggestion that this Court should exercise a "discretionary waiver of [this] rule" because he somehow made a "good faith effort" to comply is misguided. (Opp'n Mem. 21, n.5, 22.) First, courts applying a substantively identical rule have remanded where the removing party filed only <u>some</u> of the state court records and proceedings, as Stoffel has done.[7] Second, Stoffel made no diligent effort to file the complete state court record within

---

[7]    <u>See</u> <u>Fastpro Int'l, Inc</u>. v. <u>Great Plains Software O.C., Inc</u>., No. 01-2082, 2001 U.S. Dist. LEXIS 5521, at *4 (D. Kan. Apr. 10, 2001) (remanding action where removing party had filed "all pleadings from the state court action which had been 'served on it'" because the "plain text of the rule . . . requires [the removing party] to file a copy of 'all records and proceedings' from the state court action"); <u>Bell</u> v. <u>Norfolk S. R.R</u>., No. 94-2442, 1995 U.S. Dist. LEXIS 2554 (D. Kan. Jan. 30, 1995) (remanding action where removing party had filed some but not all of the records and proceedings from the state court action).

the required time.  Stoffel cannot now attribute his non-compliance with Local Rule 81.1 to difficulties in obtaining documents in the state judge's chambers, because Stoffel has conceded that he has his "own copy set" of these documents.  (Balber Decl. Ex. 40.)  Indeed, Stoffel belatedly (and unnecessarily) sought leave to file the missing materials from this "copy set."  (Id.; Opp'n Mem. 21.)

Finally, an order remanding this case on the basis of a procedural defect would not be futile because a subsequent attempt at removal would amount to the impermissible review of a remand order.  See 28 U.S.C. § 1447(d); Employers Ins. of Wausau, 787 F. Supp. at 169-170 (holding that permitting re-removal "could delay trial dates continuously and wreak havoc . . . [and that such] a result is manifestly at odds with the underlying purpose of the [New York] Convention").

### III

### PLAINTIFFS' CLAIMS DO NOT RELATE TO ANY ARBITRATION AGREEMENT

Under 9 U.S.C. § 205, removal of this action would have been proper only if Plaintiffs' claims "relate[] to an arbitration agreement . . . falling under the Convention." Unable to show that Plaintiffs' claims are arbitrable under the three agreements that he relied on in his Notice of Removal, Stoffel now argues (i) that removal is proper even where no agreement to arbitrate, let alone an agreement to arbitrate that is subject to the New York Convention, covers the claims asserted, and (ii) that a grab-bag of other purported agreements not between Stoffel and Plaintiffs somehow supports removal of this action.

**A    Removal Was Improper Unless Plaintiffs' Claims Are Arbitrable**

Under 9 U.S.C. § 205, remand is appropriate if the parties have not agreed to arbitrate the claims at issue.  See, e.g.,  GlobalSantaFe Drilling Co. v. Ins. Co. of Pennsylvania, No. C 05-4411 CW, 2006 WL 13090, at *5 (N.D. Cal. Jan. 3, 2006).  The purpose of § 205 -- to "guarantee enforcement of arbitral contracts and awards made pursuant to the [New York] Convention in United States courts," McDermott Int'l, Inc. v. Lloyds Underwriters, 944 F.2d 1199, 1207 (5th Cir. 1991) -- is not implicated where, as here, the claims at issue are not subject to a New York Convention arbitration agreement.

Second Circuit precedent is not to the contrary:  Sarhank Group v. Oracle Corp., 404 F.3d 657 (2d Cir. 2005), upon which Stoffel relies, involved a different provision of the Convention Act, 9 U.S.C. § 203, granting Federal jurisdiction over an "action or proceeding falling under the [New York] Convention."  The Sarhank court held that an action to enforce a foreign arbitral award was such a proceeding, notwithstanding objections to the foreign tribunal's jurisdiction.  Id. at 660.  The Sarhank court properly held that objections to the arbitral award which the plaintiff was seeking to enforce do not defeat Federal jurisdiction under § 203 because an award confirmation proceeding is the type of action contemplated by that section.  Id.  Here, in contrast, there is no foreign arbitral award at issue.  Section 205 requires this Court to determine whether Plaintiffs' claims "relate to" an arbitration agreement covered by the New York Convention.  This inquiry is coextensive with the pure legal question of whether Plaintiffs' claims are arbitrable.  Stoffel offers no practical explanation of

7

why this Court should bifurcate the determination of arbitrability between an inquiry into whether the claims might theoretically be arbitrable and whether they are actually arbitrable.[8]

**B          Plaintiffs' Claims Are Not Subject To Arbitration**

Stoffel's reliance on purported arbitration agreements that were not even referenced in the Notice of Removal is contrary to the requirements of 9 U.S.C. § 205, which provides that the ground for removal must either be evident from the face of the complaint or "shown in the petition for removal." See 9 U.S.C. § 205. Not only did Stoffel fail to rely on these agreements in his Notice of Removal, but they are not even between the parties to this lawsuit. The three Fiduciary Agreements, which are between Plaintiff Vistra and Stoffel, do not contain arbitration clauses which govern the claims asserted in the Complaint. (Pl's Remand Mem. at 16-22.)

Moreover, the question of arbitrability is one for this Court.[9] Stoffel's tortured effort to distinguish Motorola Credit Corp. v. Uzan, 388 F.3d 39, 51 (2d Cir. 2004) finds no support

---

[8]    Stoffel's citations to Southern District of New York authority are wide of the mark. For example, the court in Banco de Santander Central Hispano v. Consalvi Int'l Inc., 425 F. Supp. 2d 421, 430 (S.D.N.Y. 2006) unremarkably held that an action to vacate a foreign arbitral award, with a cross-petition to enforce the award, "related to" a New York Convention arbitral award. The Consalvi court's discussion of the broad Beiser v. Weyler, 284 F.3d 665 (5th Cir. 2002) standard for determining whether claims "relate to" an agreement to arbitrate is therefore dicta. Republic of Ecuador v. ChevronTexaco Corp., 376 F. Supp. 2d 334, 363 (S.D.N.Y. 2005) held that an action to stay an international arbitration -- where Plaintiffs' claims for relief were expressly directed towards the arbitral process -- was removable under § 205. In Intertec Contracting v. Turner Steiner Int'l, No. 98 cv 9116 (CSH), 2000 WL 709004, at *12 (S.D.N.Y. May 31, 2000), the court found that Plaintiffs were not bound by an arbitration agreement they did not sign and granted leave to move for remand after the expiration of Defendants' time to appeal.

in the text of that decision, which held (i) that a reference to Swiss arbitral rules does not commit the question of arbitrability to the arbitrators, and (ii) that subject to narrow exceptions which Stoffel has not claimed apply here, a signatory to an arbitration agreement may not seek to compel nonsignatories to arbitrate.

## C    Stoffel Has Waived Any Purported Right To Arbitration

Contrary to Stoffel's contention, "case law" is not "clear that the issue of waiver is . . . to be determined by the arbitrators." (Opp'n Mem. 23.) To the contrary, the Second Circuit has held that a court should decide the question of whether a party asserting a right to arbitrate has litigated the "same dispute" claimed to be arbitrable. See Bell v. Cendant Corp., 293 F.3d 563, 569 (2d Cir. 2002); S & R Co. of Kingston v. Latona Trucking Inc., 159 F.3d 80, 81 (2d Cir. 1998). By participating in litigation in Delaware, Massachusetts, and New York relating to the claims asserted here, Stoffel has waived his right to arbitrate and this action should be remanded.

---

(Cont'd from preceding page)

[9]    Stoffel's reliance on a March 10, 2008 letter of the Zurich Chamber of Commerce as somehow amounting to a decision on the arbitrability is disingenuous: as Plaintiffs' Swiss-law expert declaration explains, the March 10 letter is merely a matter of administrative convenience that does not have any effect on the consideration of jurisdictional questions by the arbitral panel or by courts. (Berti Decl. ¶¶ 6, 24-26; see also Pl's Remand Mem. 18-19.)

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion to Remand

be granted.[10]

Dated:           New York, New York
                 May 15, 2008

                                    CHADBOURNE & PARKE LLP

                                    By _____ /s/ Scott S. Balber _____
                                          Scott S. Balber (SB-5807)
                                          A Member of the Firm
                                       30 Rockefeller Plaza
                                       New York, New York 10112
                                       Tel. (212) 408-5100
                                       Fax (212) 541-5369
                                       sbalber@chadbourne.com
                                       Attorneys for Plaintiffs

Of Counsel:

Jonathan C. Cross (JC-2253)
Robert L. Grossman (RG-2431)
CHADBOURNE & PARKE LLP

---

[10]   In the event that this Court determines that fewer than all the claims brought here are arbitrable, it should remand the non-arbitrable claims.  See Swiger v. United Valley Ins. Co., Civil Action No. 1:06CV138, 2007 WL 2752693, at *2 (N.D. W.Va. Sept. 20, 2007).