Buchwald



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTRA TRUST COMPANY (JERSEY) LIMITED AS
TRUSTEE OF THE ALSAM, COLLEEN, AND
LOGANY SETTLEMENTS, COLLEEN
INVESTMENT AG, ALSAM HOLDING AG, PENNY
ASSET AG, LOGANY EQUITY AG,
VIERWALDSTATTER BETEILIGUNGEN AG,
CLARICK AG, COLLEEN INVESTMENT, L.L.C.,
LOGANY, L.L.C., and WILLIAM R. TACON,
RECEIVER AND MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND PLYMPTON
UNIVERSAL SA,

                   Plaintiffs,

-against-

DR. MARCO STOFFEL, ALBE ASSOCIATES
LIMITED, BLUECOLT SECURITIES
CORPORATION, LAURAMCA HOLDINGS, L.L.C.,
and JOHN DOES 1-10,

                   Defendants.

Case No. 08 CV 02844

**STIPULATION AND ORDER**

      WHEREAS, the Commercial Division of the Supreme Court of New York, New York County granted a preliminary injunction (the "Injunction") on January 11, 2008 in favor of the plaintiffs in the above-captioned action ("Plaintiffs") barring Dr. Marco Stoffel ("Stoffel") and Lauramca Holdings, L.L.C. ("Lauramca") from, inter alia, taking any action to sell the townhouse located at 340 W. 12th Street, New York City (the "Townhouse"); and

      WHEREAS, Stoffel and Lauramca listed the Townhouse for sale through a real estate broker; and

WHEREAS, Plaintiffs sought leave from this Court to file a motion for contempt against Stoffel and Lauramca arising from their listing of the Townhouse for sale; and

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties, and it is SO ORDERED by the Court, that while the Injunction remains in effect:

1. Stoffel and Lauramca shall be permitted to list the Townhouse for sale through a real estate broker;

2. Neither Stoffel nor Lauramca shall enter into any contract of sale for the Townhouse without obtaining the prior written consent of Plaintiffs, and such consent shall not be unreasonably withheld or delayed;

3. Stoffel and Lauramca shall instruct any real estate broker that is a party to any real estate brokerage agreement regarding the sale of the Townhouse that all offers to purchase the Townhouse shall be communicated to Stoffel's counsel, Hughes Hubbard and Reed LLP ("Hughes Hubbard");

4. The proceeds of any sale of the Townhouse after the deduction of brokers' fees, mortgage payments, and applicable taxes and fees, shall be deposited into a joint escrow account in the name of both Lauramca and Plaintiffs;

5. Plaintiffs shall not make any motion, including for contempt or sanctions, in connection with Stoffel's or Lauramca's listing of the Townhouse for sale prior to the date of this Stipulation and Order; and

6. Stoffel may direct (a) that the sum of $326,327 be transferred by wire from the UBS AG bank account held in the name of Marco Stoffel and numbered 248 489 122 (the "Stoffel UBS Account"), to an account identified by counsel for Plaintiffs, such sum representing Stoffel's obligation, pursuant to the Order of the Delaware Court of Chancery entered on May 16, 2008, to reimburse Plaintiffs Colleen Investment AG, Colleen Investment, L.L.C. and Logany, L.L.C. for legal fees and expenses incurred in connection with certain motion practice in the action captioned Colleen Investment AG, et al. v. Marco Stoffel, No. 2672-N (VCS) (Del. Ch. Ct.); and (b) that the sum of $28,750 be transferred by wire from the Stoffel UBS Account, to an account identified by Hughes Hubbard, such sum representing a reimbursement of funds paid by Hughes Hubbard with respect to Stoffel's obligation to reimburse Deutsche Bank Trust Company Americas and Deutsche Bank Securities Inc. for legal fees and expenses incurred in connection with the action captioned Deutsche Bank Securities Inc., et al. v. Colleen Investment L.L.C., et al., No. 600473/07 (Sup. Ct. N.Y. Co.).

7. Stoffel may direct that the monthly mortgage payments for the Townhouse, in an amount not to exceed $17,500, be paid from the enjoined bank accounts directly to First Republic Bank, as Stoffel has sworn in a Declaration, attached hereto as Exhibit A, that he does not have access to sufficient funds not subject to the Injunction to make any further mortgage payments on the Townhouse. Stoffel shall provide First Republic Bank mortgage loan account statements to Hughes Hubbard on a monthly basis showing the payment status of the mortgage on the Townhouse. Hughes Hubbard shall provide these statements to counsel for Plaintiffs at their request.

8. Stoffel may pay the monthly home insurance payments for the Townhouse, in an amount not to exceed $951.23, from the enjoined bank accounts to Chubb Indemnity Insurance Company. Stoffel shall provide Chubb Indemnity Insurance Company home insurance account statements to Hughes Hubbard on a monthly basis showing the payment status of the insurance on the Townhouse. Hughes Hubbard shall provide these statements to counsel for Plaintiffs at their request.

9. Stoffel may pay the annual real estate tax payments for the Townhouse in an amount not to exceed $14,063, from the enjoined bank accounts to New York City Department of Finance on a quarterly basis, as billed. Stoffel shall provide New York City Department of Finance real estate tax statements to Hughes Hubbard on a quarterly basis showing the payment status of the real estate tax on the Townhouse. Hughes Hubbard shall provide these statements to counsel for Plaintiffs at their request.

10. Stoffel may pay the monthly property management fee payments for the Townhouse in the amount of $ 368.48 from the enjoined bank accounts directly to Don Weber Building Services, Inc.. Stoffel shall provide property management fee statements to Hughes Hubbard on a monthly basis showing the payment status of the property management fees on the Townhouse. Hughes Hubbard shall provide these statements to counsel for Plaintiffs at their request.

11. The payments set forth in paragraphs 7-10 above shall be made from the enjoined bank accounts in the following priority: (1) First Republic Bank Account held in the name of Lauramca with account number ending 3381; (2) First Republic Bank Account held in the name of Stoffel with account number ending 4482 ; (3) the Certificate of Deposit held at First Republic Bank in the name of Stoffel with account number ending 3373, which will be liquidated in installments with liquidation proceeds going into the Stoffel account number ending 4482; and (4) UBS AG Bank account held in the name of Stoffel with account number ending 441.01F.

With the exception of the specific issues resolved by this Stipulation, nothing in this Stipulation shall constitute a waiver by Plaintiffs, Stoffel or Lauramca of any right to arbitrate or litigate any claim.

Dated: August 1, 2008

CHADBOURNE & PARKE LLP

*(signature)*

Scott S. Balber
Jonathan Cross
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100
sbalber@chadbourne.com

HUGHES HUBBARD & REED LLP

*(signature)* John Fellas

John Fellas
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
fellas@hugheshubbard.com

SO ORDERED this 4th day of August 2008:

*(signature)*

Hon. Naomi Reice Buchwald

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VISTRA TRUST COMPANY (JERSEY) LIMITED AS
TRUSTEE OF THE ALSAM, COLLEEN, AND
LOGANY SETTLEMENTS, COLLEEN
INVESTMENT AG, ALSAM HOLDING AG, PENNY
ASSET AG, LOGANY EQUITY AG,
VIERWALDSTATTER BETEILIGUNGEN AG,
CLARICK AG, COLLEEN INVESTMENT, L.L.C.,
LOGANY, L.L.C., and WILLIAM R. TACON,
RECEIVER AND MANAGER OF THE ASSETS OF
MAYTOWN UNIVERSAL SA AND PLYMPTON
UNIVERSAL SA,

          Plaintiffs,

-against-

DR. MARCO STOFFEL, ALBE ASSOCIATES
LIMITED, BLUECOLT SECURITIES
CORPORATION, LAURAMCA HOLDINGS, L.L.C.,
and JOHN DOES 1-10,

          Defendants.

Case No. 08 CV 02844

**DECLARATION OF
MARCO STOFFEL**

MARCO STOFFEL, hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1    I am a defendant in the above-captioned action and the sole member of Lauramca Holdings, L.L.C. ("Lauramca"), another defendant in this action. Both Lauramca and I are subject to a preliminary injunction imposed by the Commercial Division of the Supreme Court of New York, New York County on January 11, 2008 (the "Injunction").

2.    The townhouse located at 340 W. 12th Street, New York City (the "Townhouse") is one of the assets presently subject to the Injunction.

3	Neither Lauramca nor I currently have access to sufficient assets from any source, not subject to the Injunction, to pay to First Republic Bank the monthly mortgage payments on the Townhouse due August 1, 2008, or to make subsequent monthly mortgage payments on the Townhouse as such payments come due.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2008.

_____
Marco Stoffel

2

NY2-510604